### TYRE *v.* THE STATE.

1. The law relating to the statutory offense of "shooting at another" was not involved in a trial for assault with intent to murder, wherein it appeared that the accused, with threats to kill, wantonly, maliciously, and with the intention of executing these threats, shot directly at the prosecutor with a pistol which, thus used, was a weapon likely to produce death.
2. There was no merit in the ground of the motion for a new trial based on newly discovered evidence, and there was ample evidence to warrant the verdict of guilty.

Argued November 19, — Decided November 27, 1900.

Indictment for assault with intent to murder. Before Judge Bennet. Pierce superior court. May term, 1900.

*Spencer R. Atkinson, A. E. Cochran,* and *J. R. Walker,* for plaintiff in error. *John W. Bennett, solicitor-general,* contra.

LUMPKIN, P. J. According to the evidence introduced in behalf of the State in the trial below, the plaintiff in error, Bob Tyre, accompanied by others, went at night to the house in which Andrew Davis resided. One of the party called Davis to the door, and made some inquiries about a road. He gave the desired information, and was then asked to go down the road and point out the way. Upon his declining so to do, he was requested to bring to the person who had accosted him a drink of water. Davis undertook to comply

with this request, but upon his reaching the gate, the person for whom the water was brought, and who was sitting in a buggy, jumped out of the vehicle and presented a pistol at Davis. Just at this moment Tyre, the accused, came walking up the road with a pistol in his hand, and immediately snapped it at Davis. It failed to fire, and Davis, addressing the accused by name, then asked him not to shoot. Tyre replied: "I am going to kill you." Davis called to a woman in the house for help. Upon her coming to the door, Tyre, with an oath, threatened to kill her if she came out. Davis then called to his grandfather, who was also in the house, and Tyre immediately threatened to kill him if he came out. Davis then said, "Please don't kill me, Mr. Tyre," whereupon Tyre, accosting Davis, said, "I am going to kill you," and with that fired his pistol at Davis, who ran towards the house. Tyre kept shooting until he had fired three times at Davis. One of the balls struck the front door of the house, another struck near the door-facing, and the third went through the open door and "struck in" the ceiling, about two inches above the facing of the back door, which was opposite the front entrance to the house. In referring to the bullets, Davis, who testified as a witness on the trial, several times used the expression that they "struck in" the designated portions of the house, evidently meaning that the bullets stuck in or penetrated the wood-work. After the three shots had been fired, Tyre and his companions left the place. The sole defense was an alibi, and the accused in support thereof introduced much evidence. He was convicted of assault with intent to murder, and presents here for review a judgment overruling his motion for a new trial. The only special ground therein properly presenting for decision a legal question is one in which error is assigned upon the failure of the court to give in charge to the jury the law relating to the statutory offense of "shooting at another."

1. Accepting as true the evidence for the State, the conclusion is irresistible that this was an assault with intent to murder, if the weapon used by Tyre was one likely to produce death and was used with intent to kill. The attack upon Davis was wanton, malicious, and without shadow of justification. That the shooting was done with a murderous intent was clearly manifested by Tyre's threats to kill Davis; and that these threats were not idle is shown by the fact that the accused shot at Davis three times, continuing to shoot

until the latter gained an entrance into the house.    Now, what was the character of the weapon used ?    It was referred to by the State's witnesses as a "pistol"—presumably such a firearm as is ordinarily so designated.    There was in the evidence nothing to suggest that it was a toy pistol, nor is it at all reasonable to conclude that one making such threats and using a firearm in such a manner would do so if it was a harmless plaything rather than a deadly weapon. See, in this connection, *Coney* v. *State*, 101 *Ga.* 582.    Moreover, the evidence showed satisfactorily enough that the pistol used by Tyre was in fact a weapon likely to produce death.    The bullets discharged from it "struck in" the wood-work of the house; and every man of common sense knows that with a weapon capable of producing such results a human being could be easily killed if wounded in a vital part by a bullet discharged therefrom.    We are therefore fully satisfied that the law as to "shooting at another" had nothing whatever to do with this case.    In principle, the *Coney* case, cited supra, directly supports this proposition.

2.  Another ground of the motion for a new trial was based on newly discovered evidence.    It was, however, merely cumulative or of an impeaching character; and, as to the greater portion of it, at least, it is apparent that by the exercise of proper diligence the same could have been discovered before the trial.    After a careful examination of the record, we find no reason whatever for reversing the judgment overruling the motion for a new trial.

*Judgment affirmed.    All the Justices concurring.*