## KENDRICK *v.* THE STATE.

When on the trial of an indictment for assault with intent to murder, alleged to have been committed by shooting with a pistol, the evidence for the State, if credible, unequivocally demanded a general verdict of guilty, and this evidence was met only by a statement of the accused which, if true, established an alibi, a verdict finding the accused guilty of the statutory offense of unlawfully shooting at another was unwarranted, there being, under such circumstances, no evidence whatever upon which to base the same.

Argued June 17, — Decided July 18, 1901.

Indictment for assault with intent to murder.　Before Judge Felton.　Bibb superior court.　April 18, 1901.

Kendrick was convicted, upon an indictment for assault with intent to murder, of unlawfully shooting at another.　He moved on the general grounds for a new trial, and he excepted to the denial of the same.　The evidence showed that he went, at night, to a house where his wife, who was living separate from him, was staying, broke a door and a window, threw brickbats and fired pistol-shots into the house, and, after exchanging shots with Zena Dixon and perhaps being wounded, and as she was returning into the house from the yard or steps, he arose, said he was going to kill her, and fired more shots toward her.

*John R. Cooper* and *Herman Brasch*, for plaintiff in error.
*William Brunson, solicitor-general*, contra.

FISH, J.  The only question to be considered in this case is,
whether the verdict was contrary to law and the evidence.  The
accused was tried under an indictment charging him with the of-
fense of assault with intent to murder, and the jury found him
guilty of the statutory offense of "shooting at another."  He made
a motion for a new trial, upon the general grounds, which was
overruled, and he excepted.  The indictment charged that he made
an assault upon one Zeno Dixon with certain pistols, and that he
"did unlawfully, wilfully, deliberately, feloniously, and of his mal-
ice aforethought, shoot at said Zeno Dixon with intent to murder
Zeno Dixon."  It is contended in behalf of the plaintiff in error
that " The evidence for the State made a case of assault with in-
tent to murder, and the evidence for the defendant clearly estab-
lished the innocence of the accused, so that the verdict of guilty of
the statutory offense of shooting at another is wrong and unauthor-
ized by the evidence;" and that "the defendant is either guilty of
assault with intent to murder as charged in the bill of indictment,
or he is not guilty."  So far as we have been able to ascertain, the
precise question here made has never been determined by this court.
It has decided in several cases that under an indictment containing
a single count for assault with intent to murder, by shooting at the
person charged to have been assaulted, the jury may find the ac-
cused guilty of "shooting at another," that being a lesser offense of
the same general character.  *Arnold* v. *State*, 51 *Ga.* 144; *Moody*
v. *State*, 54 *Ga.* 660; *Wostenholms* v. *State*, 70 *Ga.* 720; *Gaines* v.
*State*, 108 *Ga.* 772.  But while this is true, if the evidence for the
State demands a verdict of guilty of assault with intent to murder,
and the sole defense relied upon is an alibi, it is not erroneous for
the court to fail to charge the jury upon the law relating to the
offense of "shooting at another," because the law relating to this
offense is not involved in the case.  *Tyre* v. *State*, 112 *Ga.* 224.
Under an indictment for murder the accused may be found guilty
of voluntary manslaughter, if there is evidence to support such a
verdict; but if from the evidence and the prisoner's statement it
appears that the law relating to this latter crime is not involved in
the case, it is erroneous for the court to give it in charge to the
jury, "but so doing will not, in such a case, be cause for a new trial,

if the accused be rightly convicted of murder, or if, though he be convicted of voluntary manslaughter only, a verdict of murder was really demanded. If, however, in such a case, the accused be convicted of voluntary manslaughter when there was evidence which would have warranted an acquittal, or when his statement, if believed, would have so warranted, there should be a new trial." *Robinson* v. *State*, 109 *Ga.* 506. It seems to us to logically follow from the last two cases cited, especially the *Robinson* case, that in a case where the evidence for the State, if believed by the jury, demands a verdict of guilty of the crime charged in the indictment, and the evidence for the accused, if accepted as true, demands an absolute acquittal, a verdict finding him guilty of a lesser offense of the same general character is contrary to evidence and to law. In the present case, if it would have been erroneous for the court to charge the jury upon the law relating to the statutory offense of " shooting at another," then it must have been illegal for the jury to find the defendant guilty of that offense, unless a verdict finding him guilty of the greater offense of assault with intent to murder was really demanded, in which event he would have no right to complain of the verdict finding him guilty of the lesser offense. The evidence for the State, if credible, absolutely demanded a verdict of guilty of assault with intent to murder. The defendant introduced no evidence, but simply made a statement in which he denied any connection whatever with the alleged assault, and set up an alibi. If the jury believed the testimony for the State, they should have convicted the accused of assault with intent to murder, the crime charged in the indictment. If they believed the statement of the prisoner, they should have acquitted him entirely. Under the testimony and the statement, the issue was clear cut: guilty of assault with intent to murder, or guilty of nothing. There was no middle ground. This, then, according to the decision in *Robinson* v. *State*, supra, was a case in which not only would it have been erroneous for the court to charge the jury upon the law relating to the offense of " shooting at another," but had the court done so, and the jury found the same verdict, the error would have afforded sufficient cause for a new trial. This being true, it must necessarily follow that, with or without such a charge by the court, the verdict finding the defendant guilty of that offense was contrary to law and the evidence. For if, under the circumstances of

this case as presented to the jury, a verdict of guilty of "shooting at another" was authorized by the law, the accused, when such a verdict was rendered, could not have been heard to complain if the court had charged the jury the law relating to that offense. But had the court so charged the jury, it would have been cause for a new trial; hence it must likewise be cause for a new trial that the jury, without such a charge, found the defendant guilty of "shooting at another."

*Judgment reversed. All the Justices concurring.*