## ROBINSON *v.* THE STATE.

Under no view of the evidence or of the statement of the accused, who was charged with the offense of assault with intent to murder, could he properly have been found guilty of the minor offense of assault and battery.

Submitted April 28, — Decided May 30, 1903.

Indictment for assault with intent to murder. Before Judge Roberts. Pulaski superior court. March 18, 1903.

*J. H. Martin,* for plaintiff in error.
*J. F. DeLacy, solicitor-general,* contra.

SIMMONS, C. J.   The plaintiff in error, Sink Robinson, was brought to trial for the offense of assault with intent to murder, under an indictment charging that he did feloniously "assault, beat, shoot, and wound" with a pistol one Amos Isaac.   The jury returned a finding that the accused was guilty of the offense of assault and battery.   He made a motion for a new trial, in which he complained that the court erred in charging the jury as to the law governing that offense, there being no evidence before them to authorize a conviction thereof.   His motion was overruled, and he duly excepted.   We are of the opinion that a new trial should have been granted.   The evidence relied on by the State tended to establish its contention that Robinson, wholly without justification or any provocation whatsoever, shot at Isaac with a pistol and wounded him in the arm.   According to the statement of the accused, which was corroborated by the testimony of a number of witnesses who were introduced in his behalf, he shot in self-defense, with no purpose other than to prevent Isaac, who was armed with a knife and was advancing in a threatening manner, from making upon him a murderous assault.   If the testimony of these witnesses was in accord with the truth, the accused was undoubtedly entitled to an acquittal.   Under no view of the evidence introduced by the State could he properly have been found guilty of the offense of assault and battery.   This being so, it was his right to have the jury pass upon the credibility of the witnesses testifying for and against him, with a view to determining correctly the controlling issue in the case, viz.: whether he shot Isaac wholly without justification or purely in self-defense.   The finding of the jury was, apparently, a mere compromise verdict.   That it was brought about by erroneous instructions given them by the court seems manifest, the court having told them that if they found the accused not guilty of assault with intent to murder, or of the statutory offense of shooting at another without justification, then they should "go a step further and see whether or not he [was] guilty of an assault or an assault and battery;" and if satisfied to the exclusion of a reasonable

doubt that he was guilty of one or the other of these minor offenses, then they would be authorized to find accordingly.    This court, in *Kendrick* v. *State*, 113 *Ga.* 759, held that:    " When on the trial of an indictment for assault with intent to murder, alleged to have been committed by shooting with a pistol, the evidence for the State, if credible, unequivocally demanded a general verdict of guilty, and this evidence was met only by a statement of the accused which, if true, established an alibi, a verdict finding the accused guilty of the statutory offense of unlawfully shooting at another was unwarranted, there being, under such circumstances, no evidence whatever upon which to base the same."    In pronouncing the decision of the court, Mr. Justice Fish pertinently remarked (p. 761):  " Under the testimony and the statement, the issue was clear cut:  guilty of assault with intent to murder, or guilty of nothing.    There was no middle ground."    The cases cited in support of the ruling then made are also applicable to the case now before us.    See also *Pugh* v. *State*, 114 *Ga.* 16, and *Sessions* v. *State*, 115 *Ga.* 22–23.                    *Judgment reversed.    By five Justices.*