### ROBINSON *v.* THE STATE.

When on the trial of a murder case the evidence of the State demands a verdict of murder, and there is no evidence introduced by the accused, but his statement, if credible, establishes a homicide by misfortune or accident, a verdict of involuntary manslaughter in the commission of an unlawful act is unauthorized, and a new trial should be granted on the ground that the verdict is contrary to the evidence.

Submitted January 15,—Decided February 15, 1906.

Indictment for murder. Before Judge Littlejohn. Stewart superior court. November 15, 1905.

*B. F. & G. Y. Harrell,* for plaintiff in error.
*F. A. Hooper, solicitor-general,* contra.

COBB, P. J.   The accused was indicted for murder. The evidence in behalf of the State, if believed, established a clear case of murder. There was no evidence introduced in behalf of the accused, but he made a statement which, if credible, required a finding that the homicide was the result of misfortune or accident. Under such circumstances a verdict of involuntary manslaughter in the commission of an unlawful act is unwarranted by the evidence, and a new trial should have been granted upon the ground that the verdict was contrary to the evidence. *Hunnicutt* v. *State,* 114 *Ga.* 448.   See also *Kendrick* v. *State,* 113 *Ga.* 759; *Robinson* . v. *State,* 109 *Ga.* 506; *Watson* v. *State,* 116 *Ga.* 607; *Washington* v. *State,* 36 *Ga.* 223; *Clark* v. *State,* 117 *Ga.* 254(6).

*Judgment reversed.   All the Justices concur.*