### 1637.    FALLON *v.* THE STATE.

1. A person is guilty of the statutory offense of shooting at another when he, without justification, shoots at another, without the intention of committing murder; and this lack of intention to commit murder may exist from the fact that he shot without any specific intent to kill, or from the fact that if death had ensued from the wound, the homicide, under the circumstances surrounding it, would not have been murder, but would have been manslaughter in one of its grades.

(*a*) If death ensues from a wound inflicted by a deadly weapon used in a deadly manner, the law presumes that the person killing was possessed of a specific intention to kill; but if death does not ensue, there is no such presumption.

(*b*) If it appears that the defendant maliciously shot the prosecutor, it is ordinarily a question for the jury whether he is guilty of assault with intent to murder, in that he intended to kill, or guilty of the statutory offense of shooting at another, in that he intended to inflict a lesser injury.

2. Words, threats, and menaces are insufficient to justify one person in killing or in attempting to kill another, or in shooting at him, unless the words, threats, and menaces, taken in connection with all the surrounding circumstances, present at least the appearance of imminent danger; and the means of inflicting the threatened injury must apparently be at hand, and there must be some manifestation of an intention to inflict the injury presently, though it is not essential that there should be an actual assault by the person shot at or killed.

Indictment for assault with intent to murder, from Chatham superior court—Judge Charlton. December 28, 1908.

Argued February 9,—Decided February 16, 1909.

The defendant was indicted for assault with intent to murder, and convicted of shooting at another. The evidence for the State was, that he and the prosecutor were engaged in a conversation at the prosecutor's house, relating to the latter's refusal to let him see a girl who was in the house; that the conversation was friendly; that the prosecutor, wholly unarmed and without doing anything provocative even in the slightest degree, turned to walk away, when the defendant fired at him with a pistol, wounding and almost killing him. The defendant stated that while he and the prosecutor were talking about the girl, the prosecutor took a pistol from his pocket and let it drop to the ground. Both stooped to pick it up, but the defendant got it, and said to the prosecutor, "For Christ's sake, don't kill me! I have done nothing to you." The prosecutor laughed and said, "All right." The defendant then said, "Let's cut this argument out, and we will get a drink." He returned the pistol to the prosecutor, who put it in his coat pocket, and they went in and got a drink. As they came from the saloon the prosecutor turned to the defendant and said, "You had no God damn right to say what you did about the girl." The defendant said, "That girl is nothing but a damn little whore, and that's why you keep her in your house." The prosecutor replied, "You little bastard, if you say that, I will kill you," and reached in his pocket for his pistol. The defendant thereupon drew his pistol and fired upon the prosecutor. The prosecutor ran for a short distance and wheeled around, with his hand still in his pocket, and the defendant fired again. A policeman ran up, and the defendant said to him, "Catch that man [the prosecutor] and get his gun out of his right-hand coat pocket." This presents fairly the substance of the defendant's statement; and it will be noted that he did not contend that the prosecutor ever drew his pistol or attempted to use it, and that he did not state that he shot under fear that the prosecutor would shoot him if he did not act first, or that he believed that he was in any danger of being shot.

*Robert L. Colding*, for plaintiff in error. *W. W. Osborne*, solicitor-general, *Anton P. Wright, John Rourke Jr.*, contra.

POWELL, J. (After stating the foregoing facts.)

A verdict of shooting at another is not a legal finding, where the evidence demands the conclusion that the defendant was either guilty of assault with intent to murder or was not guilty at all. *Chester* v. *State, 3 Ga. App.* 332 (59 S. E. 843) ; *Coney* v. *State, 101 Ga.* 582 (28 S. E. 918) ; *Tyre* v. *State,* 112 *Ga.* 224 (37 S. E. 374) ; *Kendrick* v. *State,* 113 *Ga.* 759 (39 S. E. 286). To state the proposition a little differently, a person is guilty of the statutory offense of shooting at another when he, without justification, shoots at another, without the intention (in the legal sense of the word) of committing murder; and this lack of intention to commit murder may exist from the fact that he shot without any specific intention of killing at all, or from the fact that if death had ensued from the wound, the homicide would not have been murder, but would have been manslaughter in some of its grades. If death results from a defendant's intentionally shooting at the deceased with an ordinary pistol in a manner ordinarily likely to . kill, the defendant's intention to kill is not issuable. The law presumes that he intended to kill, and not to inflict some lesser injury. But if death does not ensue, the law does not presume that the defendant intended to kill, though he shot with a weapon likely to produce death and in a manner ordinarily likely to produce that result; for in cases of assault with intent to murder, the burden of proving that the defendant was possessed of a specific intention to kill is always upon the State, unaided by any presumption of law. The pronouncements of these propositions by this court and by the Supreme Court have been so uniform and unequivocal as to place them beyond question. See *Burris* v. *State,* 2 *Ga. App.* 418 (58 S. E. 545) ; *Duncan* v. *State,* 1 *Ga. App.* 118 (58 S. E. 248) ; *Napper* v. *State,* 123 *Ga.* 571 (51 S. E. 592) ; *Gallery* v. *State,* 92 *Ga.* 463 (17 S. E. 863) ; *Patterson* v. *State,* 85 *Ga.* 131 (11 S. E. 620, 21 Am. St. R. 152). Since, therefore, it is issuable and a question for the jury, in every case where death does not ensue, whether the defendant's intention in shooting was to kill or was to inflict a lesser injury, the evidence can not be said to demand a verdict of guilty of assault with intent to murder, even where no justification or mitigation appears, unless, in addition to the fact of the shooting, there be shown such other facts and circumstances as to establish beyond question

and the possibility of legitimate dispute that the defendant did in fact intend to kill. In some cases the Supreme Court has held the evidence of the defendant's intention to kill to be so strong as to admit of no other legitimate inference, and in these cases a verdict of the statutory offense of shooting at another has been held to be without the bounds of the evidence, and therefore an illegal finding. This was so in the cases of *Kendrick* and *Tyre,* supra, in each of which cases the defendant's lethal intent was made manifest by a statement accompanying the shooting that he did propose to kill the person he was about to shoot. If it were not for this distinction the cases just mentioned and other similar cases would be utterly irreconcilable with the indisputable proposition that the question whether the defendant intended to kill or not is always for the jury. It is our opinion that the facts shown in the present case indicate the intention to kill very strongly, but not so strongly that we are able to say as a matter of law that the finding that this specific intention did exist was absolutely demanded of the jury; therefore we can not reverse the judgment on the ground that the verdict is contrary to the evidence in that it finds the defendant guilty of an offense indicated by no phase of the testimony.

2. Exception is taken to the fact that the court gave in charge to the jury §73 of the Penal Code, which relates to and limits the right of self-defense when the killing occurs in a mutual combat. After carefully reading and considering the testimony and the statement of the defendant, we are very doubtful that any mutual combat or any mutual intention to fight was shown; and yet if we do not recognize that the defendant's statement was sufficient to present this theory of the case, a finding that the shooting was in legal contemplation malicious and not justifiable seems to have been demanded. His statement did not make a case of self-defense, actual or apparent. We recognize the rule, and have applied it in several cases, that while words, threats, menaces, and contemptuous gestures are in no case adequate to arouse that anger and heat of passion which may mitigate a homicide from murder to voluntary manslaughter, yet threats and menaces may in some cases present such an appearance of danger as to arouse in the defendant that reasonable fear which will justify the killing. *Holland* v. *State,* 3 *Ga. App.* 466 (60 S. E. 205);

*Cumming* v. *State*, 99 *Ga.* 662 (27 S. E. 177); *Johnson* v. *State*, 105 *Ga.* 665 (31 S. E. 399); *Clay* v. *State*, 124 *Ga.* 795 (53 S. E. 179). Nevertheless it must be remembered that there is no justification arising from words, threats, or contemptuous gestures, unless there is at least the "appearance of imminent danger," and "the means of inflicting the threatened injury must apparently be at hand, and there must be some manifestation of an intention to inflict the injury presently;" though it is not essential that there should be an actual assault. *Cumming* case, supra. Furthermore, these things must arouse a fear, and the defendant must act upon the fear, and not in a spirit of malice, anger, or revenge, in order that his justification may be complete. According to the defendant's statement, the prosecutor put his hand in his pocket, where his pistol was, but he did not draw it; even after he had run several steps and the defendant had shot him the second time, he had not drawn it; and it is further apparent that he did not draw it at all; for when the policeman ran up, the defendant told him to take that man (the prosecutor) with the pistol in his pocket. Taking the defendant's own version of the matter as the truth of it, the prosecutor's threat was, at most, only a conditional threat,—"You little bastard, if you say that, I will kill you." Nowhere in the statement does the defendant say that his fears were aroused; if he made that contention at all there is nothing in the record to indicate it. The conditional threat and the alleged menace are so very similar to what occurred in *Malone's* case, 49 *Ga.* 217, as to make the decision in that case squarely in point. Note also the facts and the decision of the court in *Hanvey's* case, 68 *Ga.* 618. The jury, in their finding, having given the defendant the benefit of all the leniency legally possible under the testimony and his own statement, he is not in position to demand a new trial for alleged inaccuracies in the charge of the court.

*Judgment affirmed.*