## 1853. JUSTICE *v.* THE STATE.

The evidence authorized the verdict. No error of law so serious as to require a reversal appears in the record.

Conviction of shooting at another, from Floyd superior court—Judge Wright. April 1, 1909.

Submitted May 18,—Decided June 15, 1909.

*M. B. Eubanks,* for plaintiff in error.

*John W. Bale, solicitor-general, C. H. Porter,* contra.

POWELL, J. The defendant, William Justice, commonly known as Coot Justice, was indicted for assault with intent to murder, and convicted of the statutory offense of "shooting at another." According to the case made by the State, he had been to a "candy-pulling" over at Mr. Locklear's on a moonshiny night in October, 1907. Miss Holbrooks, the prosecutrix, was also there; so were her brother Ira, and a young man named Davis. Justice left the candy-pulling first; Miss Holbrooks, her brother, and Davis came along a little later. As they got across the creek they heard a fuss behind them, and the young lady said, "Here comes Coot." As Ira and Davis looked around they recognized him. He ran down the creek in the direction Holbrooks and his sister had to go, and waited near Mr. Burk's barn. Here Miss Holbrooks saw him and recognized him again just as he was in the act of shooting. Just at this instant some one (Miss Holbrooks swore positively that it was the defendant) fired into the party with a repeating shotgun loaded with large bird-shot. He fired several times in rapid succession. He put forty or fifty shot into Miss Holbrooks' back, scattered all the way from her head to her heels. Her brother Ira received a similar load; and the Davis boy was not

wholly slighted, for he, too, had some shot in his back. The next day Dr. Wicker picked the shot out of Miss Holbrooks' back, etc., but he left a few in her. It further appears from the record that the young lady exhibited some of the shot to the jury. The defendant's testimony, if true, made out an alibi. Miss Holbrooks, among other things, testified as follows: "I heard the defendant William Justice say, 'I will kill every God-damn Holbrooks by name.' When he said this he was in my father's house at home. He said this about a month before the shooting, I suppose."

The first ground of the amended motion for a new trial complains that "the court refused to allow the defendant to show by the witness Mollie Holbrooks that on the same day that she testified that the defendant threatened to kill the whole Holbrooks family, that her father was drunk that night, and that defendant, instead of trying to kill him, carried him out of Rome that night to keep him from being locked up."

The exception just mentioned is the only one of the several assigned that smacks of error; the others belong to that class denominated by Justice Samuel Lumpkin in one of his opinions as "pintees." We are inclined to think that the trial judge might well have let in the proof of the defendant's generosity to the father of the prosecutrix, for the purpose of showing that the alleged threat was mere idle talk of which he had repented, if, indeed, the threat was made before the transaction with the father occurred. See *Crumley* v. *State*, 5 *Ga. App.* 231 (62 S. E. 1005). However, so far as we are informed, the threat may have been made after the defendant brought the old man home that night, and in that event the previous transaction would have been wholly irrelevant. The burden being on the plaintiff in error to show error, we can not grant him a new trial on this ground.

As one of the reasons why he should be granted a new trial the plaintiff in error says that the verdict against him was a compromise; that he was either guilty of assault with intent to murder or was not guilty of anything. We think that if he is the man who took one of these automatic repeating shotguns (we shall not rule judicially that to have one of these barbarous, unsportsmanlike guns is a badge of malice prepense, though we confess to some personal predilection toward classing them with things unfair) and fired a fusillade of shot into a young lady's back

as she was returning from a candy-pulling, he is fortunate in escaping the limit of the law for the higher offense. However, under the principle announced in *Fallon's* case, 5 *Ga. App.* 659 (63 S. E. 806), the verdict may be sustained against the objection that it is a compromise.          *Judgment affirmed.*