## 2922. WALKER *v.* THE STATE.

While the evidence in behalf of the defendant might authorize the inference that the accused was actuated by the fears of a reasonable man in shooting the prosecutor, still there is no complaint that the jury were not fully instructed as to the law applicable to this phase of the case; and as the evidence in behalf of the State and in conflict with the testimony for the defendant authorized the verdict rendered by the jury, there was no error in refusing a new trial.

DECIDED NOVEMBER 29, 1910.

Indictment for assault to murder; from Bibb superior court— Judge Felton. August 2, 1910.

*W. A. McClellan, W. D. Nottingham,* for plaintiff in error.

*Walter J. Grace, solicitor-general,* contra.

RUSSELL, J. The defendant was indicted for assault with intent to murder, and was convicted of the offense of shooting at another. There is no complaint as to the charge of the court or as to the admission or rejection of testimony. The sole complaint, when all of the grounds of motion for new trial are considered together, is that the verdict is contrary to the evidence. It is insisted in argument that the defendant was either guilty of assault with intent to murder, as indicated by some of the testimony for the State, or that he was justified by the fears of a reasonable man in shooting the prosecutor when he did,—that in no view of the case was he guilty of the offense of shooting at another. It is also insisted that the prosecutor, by his own conduct, provoked the shooting and rendered it necessary,—that the prosecutor having used vilely opprobrious epithets to the defendant, the latter was justified in replying thereto, and the prosecutor was not justified in attacking the defendant, and that when he did he necessitated the shooting; that his conduct was such as to put the defendant in fear that a felony was about to be committed upon him,

and to justify the use of a deadly weapon. Inasmuch as no complaint is made of the charge of the court, and it was not even specified in the bill of exceptions as necessary to be transmitted, it is to be assumed that it was free from error, and that the jury were correctly instructed on every phase of the case. Under the assignments of error presented, the only question which can be considered is whether any view of the evidence will sustain the verdict rendered. After a careful examination of the brief of the evidence, it is clear to our minds that the verdict was fully authorized, although, upon the testimony of the prosecutor alone, a finding for assault with intent to murder might be sustained. In no case, however, will one who has been convicted of a lesser offense which is authorized by a part of the testimony be heard to complain because he was not subjected to the severer penalties of a higher offense, if there is any evidence authorizing the verdict rendered. According to the testimony of the prosecutor, he went to the house where the defendant boarded, unarmed, and called the defendant out, to request him to stay away from the prosecutor's home in his absence. The prosecutor made a statement which the defendant denied with an oath. The defendant had his hands in his pocket, and got his pistol out of his pocket. The prosecutor tried to get to him, and the defendant shot the prosecutor, and then the prosecutor slapped him. As the prosecutor put it, "he shot me, as I threw my hand up to hit him; he shot me before I hit him." This evidence would have authorized a verdict finding the defendant guilty of assault with intent to murder. There was evidence, however, that the prosecutor, instead of going in a quiet and peaceable manner to seek an explanation of the defendant's frequent visits to his home in his absence, began to curse and abuse the defendant as soon as he came near him. If the jury believed this testimony, and in addition believed that the prosecutor tried to slap the defendant, they could have rendered a verdict, which they did, upon the theory that the provocation given to the defendant was sufficient to arouse an irresistible impulse of passion, and that the shooting was due to a sudden heat of passion, and not the result of malice. This would have authorized a verdict of guilty of shooting at another. There was also evidence to the effect that the prosecutor was himself armed and attempted to use a weapon, and that both parties were actuated by a mutual in-

tent to fight. This likewise would have authorized the verdict returned by the jury. Besides, the question of a specific intent to kill was for the jury. *Fallon* v. *State, 5 Ga. App.* 659 (63 S. E. 806). In our view of the evidence there was no error in refusing a new trial.                              *Judgment affirmed.*