## FITZGERALD v. THE STATE.

FISH, C. J.   1. The only eye-witness to the homicide testified, in behalf of the State, in substance as follows: Gus Fitzgerald, cousin of the accused, and George Austin were quarrelling when Gus drew his knife on George, who thereupon struck Gus with his fist, when the accused ran up to them out of the dark and shot George with a pistol, thereby killing him at once. The only defenses set up by the accused on the trial were alibi and that the homicide was not committed in the county of Fayette as charged in the indictment. The court therefore did not err in failing to instruct the jury on the subject of voluntary manslaughter. See *Kendrick* v. *State,* 113 *Ga.* 759 (39 S. E. 286), and cases cited; *Robinson* v. *State,* 118 *Ga.* 45 (44 S. E. 804).

2. In connection with instructions on the defense of alibi, the court charged the jury, "if you have a reasonable doubt from the evidence that this is the man who committed this offense, if one was committed by some one, it would be your duty to acquit him." This charge was not justly subject to the criticism that it took from the jury the right to consider whether the accused, if he committed the offense, was justifiable, or only guilty of voluntary manslaughter. Moreover, as stated in the foregoing headnote, according to the evidence of the sole eye-witness to the homicide, the person who did the killing was guilty of murder.

3. The instructions given on the subject of alibi, to which exception was taken, were in the language stating the law on that subject in *Harrison* v. *State,* 83 *Ga.* 129 (3) (9 S. E. 542).

4. The following instruction to the jury, "Does your mind reach the conclusion from the evidence that the allegations are true beyond a reasonable doubt? If it does, then you are authorized to find it true." This instruction was not cause for a new trial on the ground "that it took from the jury the right to consider the statement of the defendant, and confined them in reaching a conclusion to the evidence in the case;" the court having fully and correctly instructed the jury as to the statement made them by the accused.

5. According to the evidence for the State, both the accused and the deceased, George Austin, were in the county of Fayette when the former shot and killed the latter; according to the evidence for the accused, the deceased was shot and killed in the county of Clayton; therefore it was not cause for a new trial that the court instructed the jury as follows: "If the defendant inflicted a mortal wound on George Austin, where the wound was inflicted is the place where jurisdiction is."

6. While the case was being argued before the jury, the court in the presence of the jury submitted the following query to the counsel for both sides:   "Suppose that this jury should decide that the defendant is guilty of the offense charged in the indictment, but should conclude that it did not occur in this county, but that it happened in some other county, what do you say about the jury returning this kind of a verdict: 'We, the jury, find the defendant not guilty, on the ground that the crime was not committed in Fayette county.'?"   Counsel for the accused replied that he did not think the jury could properly return such a verdict. The solicitor-general stated that in his opinion they could, and

that the accused could then be·tried in the county where the homicide occurred, if it did not occur in the county of Fayette. The judge replied: "I didn't know about that, but asked you gentlemen to see what you thought about it. Have either of you any authority on that point?" Counsel for both sides replied that they had no authority on the subject. The judge did not again refer to the point.· What the judge said in this colloquy was not cause for a new trial on the ground that it impressed the jury with the idea that he was of the opinion that the accused was guilty, and should be held for trial in some other county if not in Fayette county.

7. There was evidence to authorize the verdict, and the court did not err in refusing to grant a new trial.

                 *Judgment affirmed. All the Justices concur.*
                        APRIL 13, 1911.

Indictment for murder. Before Judge Roan. Fayette superior court. December 3, 1910.

*J. W. Culpepper* and *Daley & Chambers,* for plaintiff in error.

*H. A. Hall, attorney-general,* and *J. W. Wise, solicitor-general,* contra.