## GOODWIN *v.* THE STATE.

HILL, J. 1. The evidence for the State, if believed, demanded a verdict of murder. The defendant offered no evidence, but made a statement which, if believed by the jury, would have authorized them to find that the homicide was the result of misfortune or accident. Under these circumstances it was not error to omit to charge the jury on the subject of involuntary manslaughter in the commission of an unlawful act, or of a lawful act without due caution and circumspection. *Robinson* v. *State,* 124 *Ga.* 787 (53 S. E. 99).

2. The court permitted a witness to testify, over objection: "I don't know Bart Goodwin [the defendant]. Did not see him there. Never saw him before now. I remember time it was said he killed his wife. I let a soldier have two shells that night before the shooting. I could not swear whether this is the man or not. It was a medium-sized man. I never paid any attention to him." It is objected that this evidence did not identify the defendant or the shells. The defendant in his statement admitted getting two shells and putting one of them in the gun with which the deceased was killed. Another shell was found in defendant's pocket when he was arrested three or four miles from the scene of the homicide. Under these circumstances the admission of the testimony above quoted did not require a new trial.

3. It was not error, on the trial of one charged with the murder of his wife by shooting her with a shotgun, to admit in evidence the bloody clothes (waist) of the deceased which she wore at the time of the homicide, over the sole objection of irrelevancy, where the evidence showed that the deceased was shot "right under the right breast."

4. The solicitor-general in his argument to the jury referred to the defendant as "a black-hearted murderer," and as "a beast that catches his victim and holds it to watch it die." The plaintiff in error insists that the court erred in not cautioning the jury against being influenced by this argument. The record shows that the court's attention was not called to the argument, and that no objection was urged thereto on the trial. In the absence of such objection and of a ruling by the court thereon, no question is presented for decision here.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 644. APRIL 11, 1918.

Indictment for murder. Before Judge Bartlett. Polk superior court. September 22, 1917.

*Irwin & Tison,* for plaintiff in error.

*Clifford Walker,* attorney-general, *J. R. Hutcheson,* solicitor-general, and *M. C. Bennet,* contra.