24589. HAWKS v. THE STATE.

DECIDED MAY 24, 1935.

*E. C. Stark,* for plaintiff in error.

*Clifford Pratt, solicitor-general,* contra.

GUERRY, J. The defendant was charged with and convicted of the offense of assault with intent to murder. He complains that the court erred in failing to charge the jury, without a request, on the lesser offense embraced in the charge in the indictment, of shooting at another. The evidence for the State amply supports a conviction, by tending to show that the defendant wilfully and intentionally shot the prosecutor without provocation and while he was unarmed and trying to avoid the defendant. The defendant's statement, supported in part by a witness who was fifty or seventy-five yards away from the shooting, tends to indicate that the prosecutor was trying to pull a gun from his pocket while he was getting off his mule, but that he never succeeded in doing so. The prosecutor was shot through the body twice and his wrist was fractured and made useless for life by a third shot. One bullet is still lodged near the heart. There was ample evidence to show a specific intent to kill. The defense relied on was self-defense. In *Posey* v. *State,* 22 *Ga. App.* 97 (95 S. E. 325), it was said: "To constitute the offense of assault with intent to murder, there must be a specific intent to kill. This intent is not necessarily or conclusively shown by the use of a weapon likely to produce death. The jury should have been given the discretion, under proper instruction from the court, to convict of a lesser offense included in the higher felony charged, if they believed that the evidence failed to show a specific intent to kill. The failure so to instruct the jury was error." *Lewis* v. *State,* 14 *Ga. App.* 503 (81 S. E. 378); *Fallon* v. *State,* 5 *Ga. App.* 659 (63 S. E. 806). If the jury, under the evidence adduced, should have believed that there was a mutual intent to fight with pistols in a sudden heat of passion, a killing under such circumstances might have been voluntary manslaughter, and, if so, a verdict of assault with intent to murder was not warranted. The jury, at least, under the evidence adduced by the defendant, should have been allowed to say whether the circumstances warranted a verdict for the lesser offense. It is true that in this case the State proved specific threats by the defendant to kill the prosecutor, such threats being made a short time before the actual

encounter. They were not made as those in *Kendrick* v. *State,* 113 *Ga.* 759 (39 S. E. 286), and *Tyre* v. *State,* 112 *Ga.* 224 (37 S. E. 374), at the time of the actual shooting. The defense also in the *Kendrick* case was an alibi. The evidence for the defendant showed the making of threats to kill by the prosecutor which threats had been communicated to the defendant. Although there was no request in this case, and the evidence for the State amply supported the verdict rendered, it was nevertheless error for the court to fail to charge the jury that in the event they failed to find a specific intent to kill they might consider a lower degree of crime, to wit, shooting at another. As was said in *Fallon* v. *State,* supra, "Since, therefore, it is issuable and a question for the jury, in every case where death does not ensue, whether the defendant's intention in shooting was to kill or inflict a lesser injury, the evidence can not be said to demand a verdict of guilty of assault with intent to murder, even where no justification or mitigation appears, unless, in addition to the fact of the shooting, there be shown such other facts and circumstances as to establish beyond question and the possibility of legitimate dispute that the defendant did in fact intend to kill."

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. The judge correctly charged the jury that before the defendant could be convicted of an assault with intent to murder, they must find from the evidence that he had the intent to kill the prosecutor. The undisputed evidence shows that the accused used a deadly weapon in assaulting the defendant, and that shortly before the assault he stated that he was going to kill the prosecutor. Under such circumstances, I do not think that the judge erred in failing to instruct the jury upon the law of shooting at another, in the absence of an appropriate request so to charge.