## REED *v.* THE STATE.

No. 10981. JULY 15, 1936.

*Foy & Williamson,* for plaintiff in error.

*M. J. Yeomans, attorney-general, R. S. Foy, solicitor-general, B. D. Murphy,* and *Tipton & Houston,* contra.

RUSSELL, Chief Justice. ■ The conviction was based on circumstantial evidence. Only the accused and the deceased were present when the latter met her death by suffocation in the mud at the bottom of an old well. The condition of her body was such that the jury were authorized to conclude that the accused had picked his wife up and thrust her, head first, into the well. There were no bruises or other evidence of any struggle having taken place. The jury were authorized to conclude that the statement of the accused, that both he and she went in the well, he going first and she following after him; that she fell on him, and he came out, not knowing just how he got out, was incredible in view of the testimony that the sides of the well showed no evidence of his climbing out of it, the moss on the sides being undisturbed, and the steps cut in the sides of the well showing no sign that they had been used, and the mud on the clothing and boots of the defendant not being similar in color or character to that testified to having been found in the bottom of the well, and the witnesses who moved the body having sworn that the mud in the well did not seem to have been disturbed except where the head and shoulders were partly immersed therein. The jury were authorized to conclude that the evidence introduced to show that the accused and his wife had engaged in frequent quarrels, and that he had threatened to kill her, when taken in connection with all the other circumstances, supplied a motive, and therefore authorized a verdict of guilty. Considering all the facts and circumstances, we are of the opinion that the jury were authorized to find that every

reasonable hypothesis was excluded, except the guilt of the accused of the crime of murder.

■ We are also of the opinion that under no theory of the case was the law of either grade of manslaughter involved. As against the facts and circumstances adduced by the State to show that the deceased was murdered by the accused, there was presented for the consideration of the jury only the statement of the defendant that in a friendly tussle between himself and his wife she somehow "went in" the well and met her death. Had the jury seen fit to believe the statements made by the defendant (as was their right under the law), they could have found that the homicide was the result of misfortune or accident, and the accused should have been acquitted. The testimony of the witnesses for the State failed entirely to suggest that voluntary manslaughter, or either grade of involuntary manslaughter, was involved.

Under the ruling of this court in *Kendrick* v. *State,* 113 *Ga.* 759 (39 S. E. 286), we think a charge on either grade of manslaughter would have constituted reversible error, had the accused been found guilty of the offense of manslaughter, either voluntary or involuntary. It was held in the *Kendrick* case: "Where on the trial of an indictment for assault with intent to murder, alleged to have been committed by shooting with a pistol, the evidence for the State, if credible, unequivocally demanded a general verdict of guilty, and this evidence was met only by a statement of the accused which, if true, established an alibi, a verdict finding the accused guilty of the statutory offense of unlawfully shooting at another was unwarranted, there being, under such circumstances, no evidence whatever upon which to base the same." Mr. Justice Fish, delivering the unanimous opinion of the court, said: "Under an indictment for murder the accused may be found guilty of voluntary manslaughter, if there is evidence to support such a verdict; but if from the evidence and the prisoner's statement it appears that the law relating to this latter crime is not involved in the case, it is erroneous for the court to give it in charge to the jury, 'but so doing will not, in such a case, be cause for a new trial, if the accused be rightly convicted of murder, or if, though he be convicted of voluntary manslaughter only, a verdict of murder was really demanded. If, however, in such a case, the accused be convicted of voluntary manslaughter when there was

evidence which would have warranted an acquittal, or when his statement, if believed, would have so warranted, there should be a new trial.' *Robinson* v. *State,* 109 *Ga.* 506 [35 S. E. 57, 77 Am. St. R. 392]. It seems to us to logically follow from the last two cases cited, especially the *Robinson* case, that in a case where the evidence for the State, if believed by the jury, demands a verdict of guilty of the crime charged in the indictment, and the evidence for the accused, if accepted as true, demands an absolute acquittal, a verdict finding him guilty of a lesser offense of the same general character is contrary to evidence and to law. In the present case, if it would have been erroneous for the court to charge the jury upon the law relating to the statutory offense of 'shooting at another,' then it must have been illegal for the jury to find the defendant guilty of that offense, unless a verdict finding him guilty of the greater offense of assault with intent to murder was really demanded, in which event he would have no right to complain of the verdict finding him guilty of the lesser offense. The evidence for the State, if credible, absolutely demanded a verdict of guilty of assault with intent to murder. The defendant introduced no evidence, but simply made a statement in which he denied any connection whatever with the alleged assault, and set up an alibi. If the jury believed the testimony for the State, they should have convicted the accused of assault with intent to murder, the crime charged in the indictment. If they believed the statement of the prisoner, they should have acquitted him entirely. Under the testimony and the statement, the issue was clear cut: guilty of assault with intent to murder, or guilty of nothing. There was no middle ground."

"When on the trial of a murder case the evidence of the State demands a verdict of murder, and there is no evidence introduced by the accused, but his statement, if credible, establishes a homicide by misfortune or accident, a verdict of involuntary manslaughter in the commission of an unlawful act is unauthorized, and a new trial should be granted on the ground that the verdict is contrary to the evidence." *Robinson* v. *State,* 124 *Ga.* 787 (53 S. E. 99). "The evidence for the State, if believed, demanded a verdict of murder. The defendant offered no evidence, but made a statement which, if believed by the jury, would have authorized them to find that the homicide was the result of misfortune or ac-

cident. Under these circumstances it was not error to omit to charge the jury on the subject of involuntary manslaughter in the commission of an unlawful act, or of a lawful act without due caution and circumspection." *Goodwin* v. *State,* 148 *Ga.* 33 (95 S. E. 674). So, paraphrasing what was said in the *Kendrick* case, we say that under the testimony and the statement in the instant case, the issue was clear cut; guilty of murder or guilty of nothing. The court correctly restricted the jury to three possible verdicts—guilty of murder without a recommendation, guilty of murder with a recommendation, or not guilty. The jury chose to believe the evidence for the State rather than the statement of the accused, and adjudged him guilty of murder, but with a recommendation to mercy. The special grounds of the motion for new trial are without merit. The court did not err in overruling the motion.    *Judgment affirmed. All the Justices concur.*