### 29682. BOND *v.* THE STATE.

DECIDED SEPTEMBER 18, 1942.

18

*D. W. Mitchell,* for plaintiff in error.

*J. H. Paschall, solicitor-general, Stafford R. Brooke,* contra.

GARDNER, J. 1. It is contended that the evidence did not support the verdict of assault with intent to murder, and that the offense of shooting at another was involved. Defendant argues that from the evidence it appears that the wound inflicted by defendant was not the true measure to determine whether or not he was guilty of assault with intent to murder. The true rule is that if such an assault with intent to kill be made with malice upon a human being, with a weapon likely to produce death in the manner it was used at the time and under the circumstances, that, had death resulted, the defendant would be guilty of murder, then, death not resulting, the accused would be guilty of assault with intent to murder. The extent of the injury which resulted is not necessarily the measure of the degree of the crime committed. So far as the general grounds are concerned, the evidence supported the verdict.

2. Ground 1 complains of a statement made by the solicitor-general to the effect that the principle of law announced in Code § 38-119, that where a party has evidence in his power and within his reach by which he may repel a claim or charge against him and omits to produce it there is a presumption that such charge is well founded, applied to the case at bar. When this statement was made by the solicitor-general the defendant made a motion for a mistrial. The court very properly and immediately instructed the jury that the argument was inapplicable and improper, and,

further, that the jury should not consider such argument, and that the rule referred to had application to the trial of civil cases only. It has been many times held that such an argument is improper and erroneous. But in view of the thorough and emphatic statement of the court (which we have not set out in full) to the jury as to the inapplicability of this principle of law, we find no reason to feel that the cause of the defendant was prejudiced by the statement of the solicitor-general. We find no merit in this ground.

3. Grounds 2 and 3 assign error because the court, without a written request, failed to charge the lesser offenses of shooting at another and assault and battery, which were embraced within the allegations of the indictment. This contention presents a question which often arises in the trial of cases similar to the one at bar. It is a question that has given considerable concern to the trial courts and the appellate courts. After a careful consideration of the question it is our opinion that the record subjects the case to the principle of law announced in *Tyre* v. *State*, 112 *Ga.* 224 (37 S. E. 374) : "The law relating to the statutory offense of 'shooting at another' was not involved in a trial for assault with intent to murder, wherein it appeared that the accused, with threats to kill, wantonly, maliciously, and with the intention of executing these threats, shot directly at the prosecutor with a pistol which, thus used, was a weapon likely to produce death." The special assignment of error in that case was on the ground that the court failed to charge the law with reference to shooting at another. Compare also *Kendrick* v. *State*, 113 *Ga.* 759 (39 S. E. 286). The question before us and the rule laid down in the *Tyre* case, supra, were very interestingly discussed by Judge Powell in *Fallon* v. *State*, 5 *Ga. App.* 659 (63 S. E. 806), one of the cases cited by the defendant, the other cases being *Posey* v. *State*, 22 *Ga. App.* 97 (95 S. E. 325), *Hawks* v. *State*, 51 *Ga. App.* 317 (180 S. E. 363), and *Lewis* v. *State*, 14 *Ga. App.* 503 (81 S. E. 378). The *Hawks* case, supra, opinion written by the late Judge Guerry in which Judge Broyles dissented, quoted Judge Powell in the *Fallon* case, supra, as follows: "Since, therefore, it is issuable and a question for the jury, in every case where death does not ensue, whether the defendant's intention in shooting was to kill or inflict a lesser injury, the evidence can not be said to demand a verdict of guilty

of assault with intent to murder, even where no justification or mitigation appears, unless, in addition to the fact of the shooting, there be shown such other facts and circumstances as to establish beyond question and the possibility of legitimate dispute that the defendant did in fact intend to kill." Judge Guerry, in speaking of the threats involved in the *Hawks* case had this to say: "They [the threats] were not made as those in *Kendrick* v. *State,* 113 *Ga.* 759 (39 S. E. 286), and *Tyre* v. *State,* 112 *Ga.* 224 (37 S. E. 374), at the time of the actual shooting."

In the instant case, at the time of the shooting, the evidence shows the following with reference to intent to kill: "As to what he said and done, well, I dropped in behind this car, and I says, 'Don't shoot me no more,' and he says, 'You God damn son of a bitch, I am going to finish you up;' and I dodged in behind the corner of the filling-station and I went several steps off from the filling-station, and I reckon he come around the filling-station and he [Taft Bond] shot me in the back as I went off. No, I wasn't armed at that time. I didn't know why he was shooting me." This evidence places the instant case directly in line with those cases controlled by the principle announced in the *Tyre* case, and not in line with those relied on by the defendant, the *Fallon* case and others. In addition to the facts of the shooting, the facts and circumstances of the instant case establish beyond possibility of legitimate dispute that the defendant had in fact intended to kill, and we hold that the record establishes the intent to kill so strongly that it admits of no other legitimate inference. These grounds are without merit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*