30819. RAWLS *v.* THE STATE.

Decided April 20, 1945.

*W. G. Neville,* for plaintiff in error.

*Fred T. Lanier, solicitor-general,* contra.

MacIntyre, J. ■ The charging part of the indictment reads as follows: That the defendant did "unlawfully, feloniously and of his malice aforethought and with a certain pistol, the same being a weapon likely to produce death, in and upon one Leola Edwards, a human being in the peace of the State then and there being, made an assault with the intent the said Leola Edwards to kill and murder, *and did then and there with said weapon and with the intent aforesaid shoot and seriously wound the said —— ——, contrary to the laws of said State,"* etc. (Italics ours.) The defendant demurred generally to the indictment on the ground that that part of it which is italicized and which reads as follows: "Did then and there with said weapon and with the intent aforesaid shoot and seriously wound the said —————," is a material part of the indictment, and that the omission to insert the name of the person wounded in the italicized part renders the indictment a nullity. The defendant also demurred specially to the indictment on the ground that the failure to insert the name of the person wounded in the blank space in the italicized part of the indictment did not put the defendant sufficiently on notice as to what he was required to defend. The judge overruled the demurrers. Noting that the italicized part of the indictment, if stricken, would not negative the crime charged, nor would the crime charged be changed to a different crime by striking the italicized words, nor is the part of the charge italicized more descriptive of the identity of that which is legally essential to the indictment than the allegations previously made in the indictment, we think that the material facts which constituted the offense charged in the indictment were stated immediately preceding the italicized part of the indictment, and that the allegations italicized, which were the allegations demurred to, were not essential to such purpose and might be omitted entirely without affecting the charge and without detriment to the indictment, and thus may be considered merely as surplusage. Mere surplusage will not vitiate an indictment and need not be established in proof. The judge did not err in overruling the demurrers. 1 Wharton's Criminal Evidence (10th ed.), 366, § 138.

■ The defendant contends that the court committed reversible

error "because Dr. H. Van Buren, a witness sworn for the State, was permitted to give the following testimony, over the objection thereto by the movant: 'I think she will get over it of course if no complications set in.' The movant made the following objec-; tion to the admission of this testimony: 'If your honor please 'L object to that statement; he can describe the wound but he can't tell what might happen later on.' The court overruled this ob-; jection and permitted the witness to testify as follows: . 'I don't know if complications will set in but if leucopenia should set in' it might bring sudden death. She is still in a serious condition. She is unable to attend court.' · The following objection was then and there urged to the admission of said testimony: 'If your honor' please I want to ask that all that testimony be stricken from the record, that this wound might result in the death of this person,' on the ground that the offense charged is assault with intent to murder, and this testimony is highly prejudicial and hurtful to the rights of the defendant in the trial of this case.' The court overruled said objection and its motion to strike said testimony.": We do not think that the court erred in allowing the State to show by the attending physician ,why the person alleged in the indictment to have been wounded was not present at court in the trial of the case, by showing that the very wound inflicted by the defendant was the cause of her absence, and that the wound was serious, so serious that she was unable to attend court and testify in the case. The jury might have drawn the inference from the evidence admitted that the witness, by attending court, might have caused complications which might even have brought about her death. The State was entitled to account for the absence of a witness by testimony explaining the cause thereof. This ground is not meritorious.

█ The undisputed evidence established that there was a mo-; tive for the shooting; that it was done maliciously and without justification or mitigation. This, along with the other facts and circumstances established by the undisputed evidence, to wit: The proximity of the defendant to the person or persons wounded or shot at; the dangerous spot on the anatomy where the wound was inflicted; the seriousness of such wound; that the interference of the father of the girls in trying to stop the shooting prevented the further malicious and unjustified shooting by the defendant; that the father was shot in the hand himself during the said tussle;

that after such malicious and unjustifiable shooting the defendant attempted to hide the pistol in some bushes in the garden; that he was discovered in the act of hiding the said pistol by Willie Mae Rogers; that when Willie Mae asked him "what's going on down there?" and then added: "I am going to tell you threw the gun away;" the defendant replied: "You had better keep your mouth shut"—when taken together, establish beyond question and the possibility of a legitimate dispute that the defendant in fact was shooting to kill as alleged. *Chester* v. *State*, 3 *Ga. App.* 332 (59 S. E. 843); *Fallon* v. *State*, 5 *Ga. App.* 659, 661 (63 S. E. 806); *Tyre* v. *State*, 112 *Ga.* 224 (37 S. E. 374); *Kendrick* v. *State*, 113 *Ga.* 759 (39 S. E. 286). Furthermore, the evidence established the fact that there was no just cause to arouse a sudden passion, and hence, if the defendant intended to kill under the circumstances, he could not legally say that the provocation was sufficient to justify the excitement of passion and exclude all idea of deliberation or malice; neither could he say that if the wounding of the person in question had caused death, it would have been manslaughter, nor could he say that because death had not resulted, the crime, if any, would be shooting at another. *Gamble* v. *State*, 58 *Ga. App.* 637 (1, 2) (199 S. E. 662). The judge did not err in not charging on the law of shooting at another.

██ The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*