31610. ROBINSON *v.* THE STATE.

DECIDED MAY 29, 1947.

*Sidney Moore,* for plaintiff in error.

*E. L. Forrester, Solicitor-General,* contra.

GARDNER, J. ■ The court fully charged the law of assault with intent to murder, particularly with reference to malice, express or implied, and specifically with reference to a deadly weapon in the manner used and that the assault with such weapon must be with the specific intent to kill. The court also charged clearly the law of confession, and the law with reference to the mentality of the accused. The court charged that before the jury would be authorized to find the defendant guilty they must believe her guilty beyond a reasonable doubt. The court also charged that in the event the jury found the defendant guilty they had the authority to recommend a misdemeanor punishment. The court also charged the law with reference to the lesser offense embraced in the bill of indictment, that is, assault and battery. The court charged fully as to the defendant's statement and finally that if the jury had a reasonable doubt as to whether or not the State had carried the burden of proving that the defendant was guilty of either assault with intent to murder or assault and battery, they should acquit her. So far as the general grounds are concerned, the evi-

252

dence sustains the verdict. The court committed no error in its charge. See *Tatum* v. *State, 59 Ga.* 638.

■ Special ground 1 assigns error because the court refused to allow testimony, over objection, that the accused, after the assault on the victim, flagged a passing automobile for the purpose of having the victim carried to a physician for medical attention. It does not appear how long a time elapsed after the alleged act of throwing the potash before the automobile was flagged, therefore it does not appear that the testimony complained of was a part of the res gestæ. On this theory the evidence was not admissible under the Code, § 38-305. The evidence objected to was not admissible to rebut any evidence which had been introduced by the State. We think it clear that the evidence sought to be elicited and introduced was purely self-serving and inadmissible. *Hart* v. *State,* 14 *Ga. App.* 364 (3) (80 S. E. 909); *Slappey* v. *State,* 64 *Ga. App.* 714 (13 S. E. 2d, 873). The case of *McCullough* v. *State,* 11 *Ga. App.* 612 (3) (76 S. E. 393), relied upon by the defendant, under its peculiar facts, is not authority for varying the general rule which governs the instant case under its facts. Special ground 2 is abandoned.

■ Special ground 3 assigns error on the following charge of the court: "I charge you that the extent of injury inflicted by the defendant on the assaulted person does not necessarily determine the degree of crime. Serious injury may result from a lesser attempt and a lesser injury may result from a more serious attempt. If you should determine from the evidence that the defendant is guilty of assault and battery, the fact that the injured person may have suffered considerable pain and disfigurement would not raise the degree of crime above that of assault and battery."

In our opinion the general charge covered the principle of law which counsel for the plaintiff in error may have sought to invoke, but there are many imperfections which may be pointed out in the request to charge, some of the outstanding ones are: It was argumentative; it sought to have selected facts in behalf of the defendant's interest emphasized; it was inclined to have the court invade the province of the jury for it is a general principle of law that the jury may consider the extent of the wounds in determining the character of the weapon used. *Bond* v. *State,* 68 *Ga. App.* 15 (21 S. E. 2d, 866). The defendant is not entitled to

have a charge made in an argumentative form, by selecting facts emphasizing the defendant's interest, or where the general charge is full and clear and involves all the issues under the evidence.

Special ground 4 assigns error on the court's refusal to charge as follows: "I charge you that a person is not required by any law to leave her home to avoid being injured by any other person. If you believe that the defendant was convinced that felony would have been committed on her or that serious bodily harm would have been done her if she had not taken some steps to deter the one she feared, she would have been justified in using whatever force was necessary to protect herself before she would be required to leave her house alone in the night time." This request to charge is not adjusted to the facts of the case. In addition, it is argumentative. See, in this connection, *Hill* v. *State,* 64 *Ga.* 454 (2); *Turner* v. *State,* 190 *Ga.* 316 (9 S. E. 2d, 270).

Special grounds 5 and 6: Special ground 5 assigns error to the effect that if death did not ensue by the use of a deadly weapon, in the manner in which it was used, that no presumption arose that the defendant intended to kill, but that the burden was upon the State to prove the intent to kill; and special ground 6 that where death does not ensue it was an issue to be decided by the jury as to whether the defendant intended to take human life or to inflict a lesser injury; and that the evidence can not be said to demand a verdict of guilty of assault with intent to murder even where no justification or mitigation appears. The general charge of the court fully covered the assignments of error in these two grounds.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*