## CONEY *v.* THE STATE.

The evidence contains nothing requiring, or even warranting, a charge upon the law concerning the offense of shooting at another; the judge's failure to respect the jury's recommendation, made in accordance with the provisions of section 1036 of the Penal Code, that the accused be punished as for a misdemeanor, is not a ground for a new trial, nor does it afford the accused any legal ground of complaint; there was direct and positive proof in support of the verdict rendered, and it having been approved by the trial judge, this court will not set it aside.

Argued June 21, — Decided July 7, 1897.

Indictment for assault with intent to murder. Before Judge Hart. Laurens superior court. January term, 1897.

*Robinson & Sanders*, for plaintiff in error.

*H. G. Lewis, solicitor-general*, by *Anderson, Felder & Davis*, contra.

LUMPKIN, P. J. The evidence in this case was amply sufficient to warrant a finding that the accused, upon being surprised and detected by the prosecutor in the act of committing a burglary, shot at the latter with intent to kill him. Had death ensued, it would plainly have been a case of murder; and therefore, the statutory offense of shooting at another was not involved in the case. There was no direct and affirmative evidence that the gun was loaded with balls or shot; but the circumstances proved authorized a conclusion by the jury that such was the fact. Indeed, it would be quite unreasonable to suppose that any burglar who carried for his protection a firearm would load the same with blank cartridges or gunpowder merely.

The jury, for some reason which can not, of course, be known, recommended that the accused be punished as for a misdemeanor; and one ground of the motion for a new trial alleges error in the failure of the judge to respect the recommendation thus made. Even were the action of the court in this respect erroneous, it would afford no reason for granting a new trial, because an error in passing sentence can not in any way affect the legality of the verdict. But aside from this, there is no merit in the complaint. Section 1036 of the Penal Code in terms provides that such a recommendation by a jury, in order to be effectual, must be approved by the trial judge; and, in this instance, the judge, in the exercise of the discretion vested in him by law, simply withheld his approval.

*Judgment affirmed. All the Justices concurring.*