### TILLER *v.* THE STATE.

1. The mere solicitation by a man of a woman to go with him into the woods, though intended as a proposal to her to have sexual intercourse with him, and accompanied by a seizure of her hand, will not warrant a conviction of an assault with intent to rape, when it is manifest from all the facts and circumstances of the case that there was no intention at the time of making the proposal to then have carnal knowledge of the woman forcibly and against her will.

2. It was, on the trial of an indictment for this offense, erroneous, upon such a state of facts as that above recited, to restrict the jury to a finding of "guilty or not guilty," and thus, in effect, withhold from their consideration any question of returning a verdict finding the accused guilty of an assault and battery.

Argued July 5, — Decided July 14, 1897.

Indictment for assault with intent to rape.    Before Judge Reese.    Hart superior court.    March term, 1897.

*Asbury G. McCurry,* for plaintiff in error.
*Robert H. Lewis, solicitor-general,* contra.

LUMPKIN, P. J.    The evidence in this case shows that a man who was a stranger to Lizzie Dutton approached her, while she was standing within a very short distance of her father's dwelling, seized her hand, and requested her to go with him into the woods.    Her brother was also near the house, and in

full view of the person who made the solicitation.   The age of
this brother does not appear, but the record of his testimony
on the trial discloses that, if not fully grown, he was at least
of sufficient age to testify clearly and distinctly as to what oc-
curred.   The woman's father was in the house at the time the
stranger made the above mentioned proposal, but it does not
appear that this fact was known to the latter.   The evidence
as to the identity of the man guilty of this gross misconduct,
while warranting a finding that he and the accused were one
and the same person, was by no means clear and satisfactory.
Assuming, however, that this man was the accused, there was
absolutely nothing to indicate any intention on his part to
commit the crime of rape at the time he seized the woman's
hand and made the proposal; but on the contrary, all the facts
and circumstances of the case negative the existence of an in-
tention to then have carnal knowledge of her, forcibly and
against her will.   The evidence, therefore, considered as a
whole, did not warrant the verdict rendered against the ac-
cused, convicting him of the offense of an assault with intent to
commit a rape.

The court, by its charge, confined the jury to a finding of
guilty or not guilty, and thus in effect withheld from their
consideration any question of convicting the accused of an as-
sault and battery.   As it was fairly inferable that the words
used by the man who approached the woman were intended as
a proposal to have sexual intercourse with him, and as he,
against her wish and without her consent, unlawfully took hold
of her hand, a battery, in legal contemplation, was committed,
and this feature of the case ought to have been submitted to
and passed upon by the jury.

*Judgment reversed.    All the Justices concurring.*