## MERIWETHER *v.* THE STATE.

While evidence that a person on trial for assault with intent to murder, in a violent manner and without any excuse or justification, rushed upon the prosecutor and presented and snapped a pistol at him, accompanying these acts with threats to kill, might under some circumstances justify a jury in concluding that the pistol was loaded and, being so, was a deadly weapon, yet where, in addition to such evidence, it was also affirmatively proved that the pistol was snapped so many times without being discharged as to strongly warrant, if not actually demand, the inference that it was either incapable of being fired or was really not loaded, the evidence as a whole was not sufficient to support a finding that such pistol, when thus used, was a weapon likely to produce death.

Argued May 16, — Decided May 25, 1898.

Indictment for assault with intent to murder. Before Judge Henry. Floyd superior court. January term, 1898.

*McHenry & Nunnally* and *Almer R. Davis*, for plaintiff in error. *Moses Wright, solicitor-general,* contra.

Fish, J. Esquire Meriwether was charged with the offense of assault with intent to murder, the indictment alleging that he, "with a certain pistol, the same being a weapon likely to produce death, in and upon one . . Marsh, . . did make an assault . . and did feloniously, unlawfully, and with malice aforethought point the said pistol at and to said . . Marsh with the intent aforesaid," etc. It appears, from the testimony of the State's witnesses, that the accused, in a violent manner, and without any excuse or justification, rushed upon Marsh, and snapped a pistol at him eight or ten times,

accompanying these acts with threats to kill him. There was no other evidence tending to show that the pistol was a weapon likely to produce death, used in the manner alleged in the indictment. There was a verdict of guilty, and to the overruling of his motion for a new trial the accused excepted. The ground of the motion which controls the case was, that the verdict was contrary to the evidence, because it was not shown that the pistol was a weapon likely to produce death. This court held, in *Paschal* v. *State*, 68 *Ga.* 818, that, "Where an indictment charged the commission of an assault with intent to commit murder by using a weapon likely to produce death, the proof must show that such was the character of the weapon. This may be done by producing the instrument itself, or showing the effect of it, or other satisfactory evidence, but must be done in some way." See also *Mathews* v. *State*, ante, 497. For a pistol to be a deadly weapon when used as a firearm, it must be capable of being fired. If when attempted to be discharged it fails to fire, either because it be unloaded, or on account of some defect in the weapon itself which renders it absolutely incapable of being discharged, then it is not a weapon which is dangerous to life, when used in that manner. Whether a weapon, used in a given way, is, or is not, one likely to produce death, is a question of fact for the jury to determine from all the circumstances connected with such use. In *Coney* v. *State*, 101 *Ga.* 582, where the accused, upon being surprised and detected by the prosecutor in the act of committing burglary, shot at the latter, this court, in the absence of any direct and affirmative evidence that the gun was loaded with balls or shot, held that the circumstances proved authorized a conclusion by the jury that it was so loaded ; that it would be unreasonable for a burglar who carried, for his protection, a firearm to load it with blank cartridges. So in the case of United States *v.* Wood, 3 Wash. (U. S.) 440, where the mail was robbed, and one of the robbers held pistols in his hands and, while demanding the mail, threatened to blow out the brains of the carrier if he refused to deliver it, the court held, that such facts were proof that the pistols were dangerous weapons, because the threats could not have been effected, unless the pistols were charged, and in all respects prepared to endanger life.

While the pointing and snapping of a pistol at another, with accompanying threats to kill, might, under some circumstances, justify a jury in concluding that the pistol was loaded and, therefore, a deadly weapon, notwithstanding it failed to fire, yet where, in addition to such facts, it was also affirmatively proved that the pistol was snapped so many times, without being discharged, as to strongly warrant, if not actually demand, the inference that it was either incapable of being fired, or was really not loaded, the evidence, as a whole, was not sufficient to support a finding that such pistol when thus used was a weapon likely to produce death. It matters not that the accused, in making the alleged assault, may have intended to kill, or that he may have believed the pistol, used in the manner charged, was a deadly weapon, if as a matter of fact it was incapable of being discharged; because if it was impossible to fire it, in its then condition, it was not then a weapon dangerous to life when used as a firearm. The verdict was contrary to the evidence, and the refusal of a new trial was error.

*Judgment reversed. All the Justices concurring.*