### 2491.   Ripley *v.* The State.

Hill, C. J.   1.   While the trial judge should always charge the jury that they have the power to recommend that the felony be punished as a misdemeanor, in cases where § 1036 of the Penal Code is applicable, the failure so to charge will not be reversible error, where the jury does in fact make such recommendation, by recommending the defendant to the mercy of the court.

2.   Section 75 of the Penal Code is not applicable to cases of homicide or assault with intent to murder, where the defense relied upon is self-defense.

3.   To constitute the offense of assault with intent to murder, there must be a specific intent to kill.   This intent is not necessarily or conclusively shown by the use of a weapon likely to produce death, in a manner likely to produce death.   Under the proof in this case, the jury should have been given the discretion to convict of a lower offense included in the higher felony charged, if they believed the evidence did not show a specific intent to kill.   The failure of the court to charge

as to the statutory offense of shooting at another was error. *Fallon v. State,* 5 *Ga. App.* 661 (63 S. E. 806), and cases cited.

*Judgment reversed.*

Indictment for assault with intent to murder; from Dougherty superior court—Judge Park. February 18, 1910.

Submitted March 22,—Decided April 19, 1910.

*R. J. Bacon,* for plaintiff in error.

*W. E. Wooten, solicitor-general,* contra.