## 3998. GASKIN v. THE STATE.

Where, in the trial of a person indicted for the offense of assault with intent to murder by shooting at another with a deadly weapon, the evidence authorizes an inference that the accused shot without malice and without a specific intention to kill, it is error, requiring a new trial, to refuse to charge the law in reference to the statutory offense of shooting at another.

DECIDED APRIL 2, 1912.

Indictment for assault with intent to murder; from Berrien superior court—Judge Thomas. December 29, 1911.

*J. P. Knight, W. G. Harrison, E. K. Wilcox,* for plaintiff in error.
*J. A. Wilkes, solicitor-general,* contra.

POTTLE, J. The accused was convicted of assault with intent to murder one Albritton. The only question with which we find it necessary to deal is whether, under the evidence, the judge should have charged the jury that they might find the accused guilty of the statutory offense of shooting at another. The accused was drunk, and shot at, or in the direction of, the prosecutor, the bullet striking within a few inches of him. It is apparent, from the evidence, that after becoming drunk the accused started out on a promiscuous shooting expedition. There was no motive for him to kill the prosecutor. It is evident that the shooting was the result of a wanton and reckless disregard of consequences. The prosecutor was in the act of entering his store, when the accused called to him to look out, and immediately fired one time. The prosecutor testified: "I do not think that he would have shot me intentionally. He had nothing against me. I have never in the world had any trouble with Mr. Gaskin. We had served on the jury together the week before, on the same case together. He just seemed to look and seemed to be shooting at anything that he seen. That seemed to be his idea." In his statement the accused said, that he had no recollection of having shot at the prosecutor at all; that they were friends, and that he was so drunk at the time as to be utterly oblivious of his conduct.

The presiding judge took the view that the evidence demanded a verdict for the higher offense, and declined to submit the law in reference to the statutory offense of shooting at another. Undoubtedly, if death had resulted, the accused would have been guilty of murder, because the law would have presumed an intention to kill, and would have held the slayer responsible

for the consequences of his act. *Chelsey* v. *State,* 121 *Ga.* 340 (45 S. E. 258); *Stovall* v. *State,* 106 *Ga* 443 (32 S. E. 586); *Gallery* v. *State,* 92 *Ga.* 463 (17 S. E. 863). But the rule is altogether different where death does not ensue. Before one can be convicted of assault with intent to murder, the State must prove a specific intention to kill. In *Coney* v. *State,* 101 *Ga.* 582 (28 S. E. 918), the following statement was used in the course of the opinion: "Had death ensued, it would plainly have been a case of murder; and, therefore, the statutory offense of shooting at another was not involved in the case." This was an inaccurate expression, and is not in harmony with numerous decisions of the Supreme Court rendered both before and after the decision in that case The mere fact that one assaults another with a deadly weapon does not demand the inference that he intended to kill the person thus assaulted. There are cases in which it has been held that the evidence demanded a finding that the accused intended to kill. For example, in *Tyre* v. *State,* 112 *Ga.* 224 (37 S. E. 374), the accused presented his pistol at the prosecutor, with the statement, "I am going to kill you," and immediately fired. The only defense was that of alibi, and the court held that the law applicable to the statutory offense of shooting at another was not involved in the case. *Kendrick* v. *State,* 113 *Ga.* 759 (39 S. E. 286), is similar in its facts to the case just cited, and the same ruling was there made.

But the case here presented is altogether different. The evidence did not demand a finding that the accused intended to kill the prosecutor. On the contrary, the testimony of the person at whom the accused shot showed that there was no motive for such an intention, and altogether justified the inference that the accused was acting without malice. The impression made on our minds from the evidence is that in a drunken frenzy, and with a reckless disregard of consequences, the accused was indulging in promiscuous shooting, without a specific intent to kill anybody. As we have said before, he would clearly be guilty of murder had the prosecutor been killed, but this would have been true not because a specific intent to kill in fact existed, but because, if death had resulted, the law would conclusively have presumed that such intent existed, and the accused would not have been heard to say that it did not. But here the prosecutor was not killed, or even

struck, and, under the evidence as a whole, the accused might' very well have been convicted of the statutory offense of shooting at another, and the law ·in reference to that offense should have been given in charge. *Fallon* v. *State,* 5 *Ga. App.* 659 (63 S. E. 806) ; *Ripley* v. *State,* 7 *Ga. App.* 679 (67 S. E. 834) ; *Chester* v. *State,* 3 *Ga. App.* 332 (59 S. E. 843) ; *Hunter* v. *State,* 10 *Ga. App.* 831 (74 S. E. 553).                               *Judgment reversed.*