*O. C. Darsey,* contra.

---

## 10460.   AUTREY *v.* THE STATE.

BROYLES, C. J. 1. In the absence of a certificate by the trial judge to the contrary, the statement in the charge as to the contentions of the parties will be presumed correct. *Wilson* v. *A. & C. Ry. Co.,* 82 *Ga.* 386 (2), 390 (9 S. E. 1076); *Robinson* v. *State,* 109 *Ga.* 506 (5) (34 S. E. 1017); *Wrightsville & Tennille R. Co.* v. *Gornto,* 129 *Ga.* 204 (2), 206 (58 S. E. 769).

2. The contentions of the defense in a criminal case are not confined exclusively to the contentions of the defendant as made in his statement to the jury, but include such contentions as may be made and argued by defendant's counsel before the court and jury.

3. Under the preceding rulings and the facts of this case, there is no merit in the special grounds of the motion for a new trial which are based in substance upon the alleged error of the court in misstating the contentions of the defense. The note of the trial judge shows that the contentions of the defense as argued by the defendant's counsel before the court and jury were substantially and in spirit those given in the charge, and that the same counsel orally requested the court to charge the jury upon the principles of law involved in such contentions. Counsel, not having put the request in writing, can not complain of the particular language employed by the judge in complying with his request. The charges complained of in these grounds of the motion are not erroneous for any other reason assigned.

4. "To constitute the offense of assault with intent to murder, there must be a specific intent to kill. This intent is not necessarily or conclusively shown by the use of a weapon likely to produce death, in a manner likely to produce death. Under the proof in this case, the jury should have been given the discretion to convict of the lower offense included in the higher felony charged, if they believed the evidence did not show a specific intent to kill." This ruling is quoted from the decision in *Ripley* v. *State*, 7 *Ga. App.* 679 (3) (67 S. E. 834), where it was held that "the failure of the court to charge as to the statutory offense of shooting at another was error." Under this ruling and the facts of the instant case the court properly instructed the jury upon the offense of shooting at another.

5. Conceding that neither the evidence nor the defendant's statement, nor both combined, authorized a charge upon the law of manslaughter, the error of the court in instructing the jury upon the law of manslaughter does not require a new trial, since the evidence for the State demanded a finding either of assault with intent to murder, or of shooting at another; and the defendant's statement and the evidence introduced by him tended merely to establish that the defendant was not present at the time and place of the shooting, and did not otherwise contradict the testimony for the State. The jury, in their finding, having evidently rejected the defense of alibi (and the evidence authorized them so to do), and having given the defendant the benefit of all the leniency legally possible under the undisputed testimony for the State (undisputed in all respects except as to the alibi), he will not be heard to demand a new trial for alleged inaccuracies in the charge of the court upon the subject of manslaughter. See, in this connection, *Fallon* v. *State*, 5 *Ga. App.* 659, 663 (63 S. E. 806).

6. The 5th and 12th special grounds of the motion for a new trial are expressly abandoned in the brief of counsel for the plaintiff in error, and no substantial merit appears in any of the other special grounds of the motion not already dealt with.

7. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 7, 1919.

Indictment for assault with intent to murder; from Forsyth superior court—Judge Morris. February 14, 1919.

The verdict was, "We, the jury, find the defendant guilty of shooting a man, and recommend that he be punished as for a misdemeanor."

*R. B. Russell, J. P. Brooke,* for plaintiff in error.

*John T. Dorsey, solicitor-general,* contra.