## 10961.   BREEDLOVE *v.* THE STATE.

Although the pistol with which it was alleged an assault with intent to murder was committed was loaded only with cartridges designed for a different kind of pistol, and failed to fire, after the accused had snapped it four times, when it was pointed at the person alleged to have been assaulted, there was testimony to the effect that even with such cartridges in it the chances were that it would fire when snapped; and, the pistol and the cartridges being in evidence, the question whether they

constituted a weapon likely to produce death was exclusively for the jury; and, under all the evidence, the jury were authorized to find the accused guilty.

DECIDED DECEMBER 12, 1919.

Indictment for assault with intent to murder; from Floyd superior court—Judge Wright. September 25, 1919.

*W. B. Mebane,* for plaintiff in error.

*C. H. Porter, solicitor-general,* contra.

LUKE, J. The accused was convicted of assault with intent to murder. The weapon used was a pistol. A new trial is sought on the contention that the evidence shows that the pistol was so loaded as not to be a weapon likely to produce death. The evidence shows that, while the pistol itself was without mechanical defect, yet it was loaded only with five cartridges designed for use in a different kind of pistol; that the accused, while a prisoner in jail, pointed the pistol so loaded at the jailer and ordered him to hold up his hands; and that, upon the jailer reaching for his own pistol, instead of throwing up his hands the accused snapped his pistol at the jailer four times, without succeeding in firing it once. Both the pistol and the cartridges in question were put in evidence for inspection by the jury, and four of the cartridges showed signs of having been snapped. As to the pistol and cartridges in evidence, one witness testified: "If the plunger goes far enough against the cap to knock the paint off of it, as it shows it did, it is, of course, liable to explode, and just why it did not do it on this occasion nobody can tell, unless the cartridges went in just a little too far." Another witness testified: "Even with those cartridges in it, and even though they were not made for this particular make of pistol, the chances are, if you were to snap them, the pistol would fire." *Held:*

(*a*) The pistol and the cartridges being in evidence, whether or not they constituted a weapon likely to produce death was, under all the evidence, a question exclusively for the jury. *Paschal* v. *State,* 68 *Ga.* 818; *Paschal* v. *State,* 125 *Ga.* 279 (54 S. E. 173); *Meriwether* v. *State,* 104 *Ga.* 500 (30 S. E. 806).

(*b*) The intention of the accused in snapping at the jailer the pistol so loaded was, under all the evidence, likewise a question for the jury; and they were authorized to find, as they did find, that the intention of the accused in snapping the pistol was to discharge it and thereby kill the person at whom it was pointed. See Park's Penal Code, § 97, and citations on "Intent," p. 107.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*