## 11569.  LEATHERWOOD *v.* THE STATE.

Intent to kill will not, as a matter of law, be presumed from an attack with a deadly weapon, where death has not ensued; and on a trial for the offense of assault with intent to murder the court should instruct the jury, in effect, that the burden is upon the State to show, beyond a reasonable doubt, that the alleged assault, if made by the defendant, was made with the specific intent to kill.    The failure to give such an instruction in this case requires a new trial.

DECIDED JULY 14, 1920.

Indictment for assault with intent to murder; from Haralson superior court — Judge Irwin. April 22, 1920.

The indictment charged Leatherwood with an assault with intent to murder McClung by shooting at him with a shotgun; and the accused was convicted of that offense. McClung testified, that while he was in his house, between 11 and 12 o'clock at night, he heard the noise of his calf bleating and running, and went out on the veranda of the house to see what caused it, and the defendant, who was standing about six or eight feet from the veranda, pointed a double-barrel shotgun directly at him and shot, and the load from the gun struck a post between them and went into the side of the house. The defendant, by his statement at the trial and by the testimony of several witnesses, attempted to establish an alibi. One of the grounds of his motion for a new trial is that the court charged the jury as follows: "If you believe, beyond a reasonable doubt, that the defendant shot the prosecutor, McClung, with a weapon likely to produce death, you would be authorized to find him guilty." It is alleged that this was error, because the court failed to charge the jury, in this connection or elsewhere, that in order to authorize a verdict of guilty of assault with intent to murder, the jury must believe, from the evidence, that the defendant shot with intent to kill McClung.

*J. M. McBride,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general, Griffith & Matthews,* contra.

LUKE, J. The defendant was charged with the offense of assault with intent to murder. Error is assigned upon the judge's failure to charge the jury that the evidence must be sufficient to satisfy them that the defendant shot with intent to kill. This assignment of error is well taken. Where death does not ensue, the intent to kill cannot be a matter of legal presumption, but must be discovered from the evidence. For this reason, in every trial for the offense of assault with intent to murder, the jury must be instructed, in effect, that the burden is upon the State to show, beyond a reasonable doubt, that the alleged assault, if made by the defendant, was made with the specific intent to kill. See *Gilbert* v. *State,* 90 *Ga.* 691 (16 S. E. 652); *Gallery* v. *State,* 92 *Ga.* 464 (2) (17 S. E. 863); *Wimberly* v. *State,* 12 *Ga. App.* 540, 542 (77 S. E. 879). The other alleged errors are such as

will not likely recur on another trial. It was error to overrule the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*