### 11676. JACKSON v. THE STATE.

BROYLES, C. J. 1. Under an indictment for murder, the accused may be convicted of the offense of shooting at another, if the latter offense is substantially charged by the averments of the indictment. *Watson* v. *State*, 116 *Ga*. 607 (43 S. E. 32).

2. In the instant case two persons were jointly indicted in one count for the offense of murder. The indictment charged that the accused " Zack Hillman and Taylor Jackson did then and there, unlawfully and with force and arms, make an assault in and upon one Clifford Mack, and then and there, unlawfully, feloniously, wilfully, and with malice aforethought, did kill and murder by shooting the said Clifford Mack with a certain pistol which the said Zack Hillman and Taylor Jackson then and there held, and giving to the said Clifford Mack then and there a mortal wound, of which mortal wound the said Clifford Mack died." This indictment sufficiently charged the offense of shooting at another, and under it the defendants could be legally convicted of that offense. See, in this connection, *Watson* v. *State*, supra (5).

3. Upon the hearing of a motion to arrest the judgment in a criminal case, the court should consider only the indictment and the verdict, the presumption being that the evidence authorized such a verdict. *Watson* v. *State*, supra (6).

(a) It follows from this ruling that where two persons are jointly indicted for murder, and are tried *separately* and *separate* verdicts are returned, one of the defendants being found guilty of voluntary manslaughter and the other of shooting at another, and the latter defendant makes a motion to arrest the judgment, upon the hearing thereof the court should look only to the indictment and the verdict finding the defendant guilty of shooting at another. The verdict finding the other defendant guilty of voluntary manslaughter cannot be considered, and it will be conclusively presumed that the evidence in the case legally authorized the verdict of shooting at another.

4. Under the preceding rulings the court did not err in overruling the motion in arrest of judgment.

            *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
            DECIDED NOVEMBER 9, 1920.

Indictment for murder — conviction of shooting at another; from Oconee superior court — Judge Cobb. June 3, 1920.

*Wolver M. Smith, John B. Gamble,* for plaintiff in error.

*W. C. Dean, solicitor-general,* contra.