## 12649. LANIER *et al.* v. THE STATE.

PER CURIAM. 1. Under an indictment for assault with intent to murder the accused may be convicted of the offense of shooting at another, if the latter offense is substantially charged by the averments of the indictment. *Jackson* v. *State*, 25 *Ga. App.* 748 (105 S. E. 162), and citation; *Leatherwood* v. *State*, 25 *Ga. App.* 484 (103 S. E. 685); *Gaskin* v. *State*, 11 *Ga. App.* 11, 12 (74 S. E. 554); *Ripley* v. *State*, 7 *Ga. App.* 679 (67 S. E. 834).

2. Before one can be convicted of an assault with intent to murder, it must be shown that he had a specific intent to kill. Such an intent is not conclusively shown by the use of a weapon likely to produce death. Under the proof in this case, it was for the jury to determine whether the defendants shot in self-defense or under the fears of reasonable men, or whether they unlawfully shot with intent to kill, or whether they were guilty of an unlawful shooting at another, and the court did not err in charging upon the last named subject. *Autrey* v. *State*, 24 *Ga. App.* 414 (4) (100 S. E. 782). "If death results from a defendant's intentionally shooting at the deceased with an ordinary pistol in a manner ordinarily likely to kill, the defendant's intention to kill is not issuable. The law presumes that he intended to kill, and not to inflict some lesser injury. But if death does not ensue, the law does not presume that the defendant intended to kill, though he shot with a weapon likely to produce death and in a manner ordinarily likely to produce that result; for in cases of assault with intent to murder, the burden of proving that the defendant was possessed of a specific intention to kill is always upon the State, unaided by any presumption of law. The pronouncements of these propositions by this court and by the Supreme Court have been so uniform and unequivocal as to place them beyond question. See *Burris* v. *State*, 2 *Ga. App.* 418 (58 S. E. 545); *Duncan* v. *State*, 1 *Ga. App.* 118 (58 S. E. 248); *Napper* v. *State*, 123 *Ga.* 571 (51 S. E. 592); *Gallery* v. *State*, 92 *Ga.* 463 (17 S. E. 863); *Patterson* v. *State*, 85 *Ga.* 131 (11 S. E. 620, 21 Am. St. R. 152)."

*Fallon* v. *State,* 5 *Ga.* `App.` 659, 661 (63 S. E. 806, 807). See also *Gilbert* v. *State,* 90 *Ga.* 691 (16 S. E. 652).

3. Grounds 2, 3, and 11 of the amendment to the motion for a new trial are disapproved by the trial judge, and none of the other special grounds shows reversible error.

4. The verdict was amply authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

DECIDED JANUARY 18, 1922. REHEARING DENIED FEBRUARY 14, 1922.

Indictment for assault with intent to murder; from Chatham superior court — Judge Meldrim. May 27, 1921.

Application for certiorari was denied by the Supreme Court.

*Shelby Myrick,* for plaintiff in error.

*Walter C. Hartridge,* solicitor-general, contra.

LUKE, J., dissenting. I cannot agree to a judgment of affirmance in this case. The defendants were charged with the offense of assault with intent to murder. In my opinion the evidence for the State, if believed by the jury, demanded a verdict of guilty. Also, I think, that the evidence for the defendants clearly established an intention to kill, but, if believed by the jury, justified the defendants in their act of shooting with intent to kill. The judge charged the jury the law as to shooting at another not in defense. The defendants complained of this charge upon the ground that the evidence did not authorize it. As I view the evidence, it either demanded a verdict of guilty of assault with intent to murder or a verdict of not guilty, upon the theory that the defendants were justified. Therefore, in my opinion, the statutory offense of shooting at another was not involved, and it was error for the court so to charge the jury. The issue was clear cut, and, in my opinion, a charge upon the statutory offense of shooting at another misstated the issue, and upon this confusion the jury rendered a verdict for this offense. See *Coney* v. *State,* 101 *Ga.* 582 (28 S. E. 918); *Lanier* v. *State,* 106 *Ga.* 368 (32 S. E. 335); *Tyre* v. *State,* 112 *Ga.* 224 (37 S. E. 374). It was therefore, in my judgment, reversible error for the court to charge the law of shooting at another.

### ON MOTION FOR REHEARING.

PER CURIAM. In the defendant's motion for a rehearing of this case it is stated that this court was in error in saying that ground

11 of the amendment to the motion for a new trial had been disapproved by the trial court. Counsel for plaintiff in error insists that it was the 12th ground, and not the 11th, what was disapproved. The record shows that (in addition to grounds 2 and 3 which were disapproved) the ground disapproved by the court was first numbered 12, and that the number 12 was changed to number 11, so that when this court got possession of the record the ground was numbered 11. However, the number of the ground is immaterial, since the ground that this court declined to consider, because of its disapproval, was the ground based upon alleged error in the charge of the court upon the subject of good character, and this ground, whether numbered 11 or 12, was one of the grounds disapproved by the trial judge.

After a careful consideration of the other contentions made in the motion, a rehearing is denied.

*Rehearing denied. Broyles, C. J., Luke and Bloodworth, JJ., concur.*