## 18450.  WOODY *v.* THE STATE.

Under the proof in this case, in which the accused, who was indicted for assault with intent to murder, was convicted of shooting at another, the court, in charging the jury, did not err in giving them the discretion to convict of the lower offense if they believed that the evidence did not show a specific intent to kill.

Evidence that the defendant's appearance bond had been forfeited was admissible as tending to show flight.

The verdict was supported by evidence.

DECIDED NOVEMBER 15, 1927.

Shooting at another; from Lumpkin superior court—Judge I. H. Sutton.  July 2, 1927.

*R. H. Baker, B. P. Gaillard Jr.,* for plaintiff in error.

*Robert McMillan, solicitor-general,* contra.

LUKE, J. 1.  The defendant was indicted for the offense of assault with intent to murder and convicted of shooting at another. He contends in the special grounds of his motion for a new trial that the evidence, if believed by the jury, authorized his conviction of assault with intent to murder, but did not authorize his conviction of shooting at another, or the judge's charge thereon. Under the proof in this case it was not error to give the jury "the discretion to convict of the lower offense included in the higher felony charged, if they believed the evidence did not show a specific intent to kill."  *Aulrey* v. *State,* 24 *Ga. App.* 415 (100 S. E. 782).  See also *Espy* v. *State,* 19 *Ga. App.* 743 (92 S. E. 229).

2.  "Evidence that the appearance bond of the defendant had been forfeited was admissible as tending to show flight."  *Jones* v. *State,* 26 *Ga. App.* 635 (3) (107 S. E. 166).

3.  The evidence supports the verdict, and for no reason assigned did the court err in overruling the motion for a new trial.

*Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.*

Criminal Law, 16 C. J. p. 551, n. 9; p. 552, n. 38 New; p. 1025, n. 91; p. 1180, n. 74.

Indictments and Informations, 31 C. J. p. 863, n. 6.