## 21317.   THOMAS *v.* THE STATE.

DECIDED MAY 12, 1931.

*M. U. Mooty,* for plaintiff in error.

*W. Y. Atkinson,* solicitor-general, *Raymond Martin,* contra.

LUKE, J.   The indictment in this case charges Willie Thomas, alias Slick Thomas, with the offense of assault with intent to murder by shooting at W. A. Yates "with a loaded pistol, the same being a weapon likely to produce death." The jury found the defendant guilty of assault with intent to murder, and he excepts to the judgment overruling his motion for a new trial.

W. A. Yates testified substantially that the shooting occurred between two and two-thirty o'clock on the morning of April 5, below the passenger station of the Atlanta and West Point Railroad at West Point; that at said time witness was a special agent for said railroad, "riding the train . . to keep people from stealing;" that, seeing the defendant heavily loaded with bundles, trying to catch a train with his right hand, witness told defendant not to catch the train, and walked towards him; that when witness asked the defendant what he had and started towards him, defendant shot at witness and dropped what he had and ran; that witness had his flashlight on the defendant all the time and recognized

him; that the shooting was done with a pistol; and that the articles dropped by the defendant were composed of ladies' dresses and underwear and children's dresses, and had been stolen from a train of the railroad company.

The defendant introduced evidence that at the time he was accused of shooting at Yates, he was at another place, engaged in a card game with several other negroes, and that a man who sold some of the articles stolen from the railroad was an entirely different person from the defendant. There was no testimony that Yates was struck with any bullet, or that the pistol was loaded with any bullet.

The first special ground of the motion for a new trial, which is merely an amplification of the general grounds, is in this language: "The indictment charges that the assault was made 'with a loaded pistol.' There is no evidence to authorize the jury to conclude that the weapon used was a loaded pistol; and the verdict is contrary to the evidence." Each of the three other special grounds complains that the court erred in failing to charge the jury the law relating to the offense of shooting at another not in one's own defense.

Under the decision in the case of *Coney* v. *State*, 101 *Ga.* 582 (28 S. E. 918), we feel constrained to decide every question raised by the record in the case at bar against the plaintiff in error. In the *Coney* case the court said: "The evidence in this case was amply sufficient to warrant a finding that the accused, upon being surprised and detected by the prosecutor in the act of committing a burglary, shot at the latter with intent to kill him. Had death ensued, it would plainly have been a case of murder; and therefore the statutory offense of shooting at another was not involved in the case. There was no direct or affirmative evidence that the gun was loaded with balls or shot; but the circumstances proved authorized a conclusion by the jury that such was the fact. Indeed, it would be quite unreasonable to suppose that any burglar who carried for his protection a firearm would load the same with blank cartridges or gunpowder merely." In the headnote this language appears: "The evidence contained nothing requiring, or even warranting, a charge upon the law concerning the offense of shooting at another." Therefore the judge did not err in overruling the motion for a new trial. In this connection we will say that were it not for the

decision in the *Coney* case, we would be very much inclined to reach a different conclusion. See *Gaskin* v. *State,* 11 *Ga. App.* 11, 12 (74 S. E. 554). See also *Allen* v. *State,* 28 *Ga.* 395 (3), 397 (73 Am. D. 760), where the indictment contained one count for assault with intent to murder and another for shooting at another, and the court, referring to the latter count, said: "We think it is a most material matter whether the gun is loaded or not, and how loaded. . . To shoot *at* implies an *aim,* and intent to *hit,* and therefore the nature of the load is important in judging of this intent." Certainly this language applies with equal or more force to a charge of assault with intent to murder, where the intent to kill is an essential ingredient of the offense.
*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*