## 23367. SMITH v. THE STATE.

DECIDED NOVEMBER 27, 1933.

*Charles Emory Smith, Jake B. Joel,* for plaintiff in error.

*A. S. Skelton, solicitor-general, Walter W. Armistead,* contra.

MacINTYRE, J. Gertrude Smith was indicted for assault with intent to murder and was convicted of the statutory offense of shooting at another. The only exception here is to the judgment overruling the motion for a new trial.

The first special ground complains that the State's witness Gilmore was a volunteer prosecutor, and that Ezekiel Newing was a nominal prosecutor only, and that one of the jurors was a brother-in-law of Gilmore, having married his sister. While the defendant and two of his counsel made affidavits that they did not know of this relationship and that they could not have discovered it by the exercise of ordinary diligence on their part, yet the record discloses that another attorney, Reece Watkins, Esq., also appeared for the defendant at the trial of the case. However, counsel appearing for the defendant in this court state in their brief that attorney Watkins had no part in the case except to assist in striking a jury. It is essential that all the attorneys who appeared for the defendant in the trial of the case make the affidavit required by law before this ground of the motion for a new trial can be considered. *Arnall* v. *State,* 14 *Ga. App.* 472 (2) (81 S. E. 366); *Watkins* v. *State,* 125 *Ga.* 143, 145 (53 S. E. 1024).. Furthermore, we do not think that the evidence shows that the witness Gilmore was a volunteer prosecutor, the most that the evidence could be said to show being that he was a partisan; and this would be no ground for challenging the juror. *Atkinson* v. *State,* 112 *Ga.* 411 (37 S. E. 747); *Lyens* v. *State,* 133 *Ga.* 587, 589 (66 S. E. 792); *Campbell* v. *State,* 144 *Ga.* 224, 226

(87 S. E. 277) ; *Griffin* v. *State*, 18 *Ga. App.* 402, 404 (89 S. E. 625).

Under the evidence in this case it was not error to charge the jury on the statutory offense of shooting at another, thereby giving them the discretion to convict of the lower offense included in the higher offense of assault with intent to murder, if they believed the evidence did not show a specific *intent to kill. Ripley* v. *State,* 7 *Ga. App.* 679 (3) (67 S. E. 834) ; *Woody* v. *State,* 37 *Ga. App.* 338 (140 S. E. 396).

The evidence authorized the verdict, and the court did not commit reversible error in overruling the motion for a new trial for any reason assigned.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*