### 31963.   DAVIS *v*. THE STATE.

*J. A. Merritt,* for plaintiff in error.

*W. W. Larsen, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Counsel for the defendant contends that the defendant was either guilty of the offense of assault with intent to murder or was not guilty of any offense, and that therefore the verdict of guilty of stabbing is unauthorized. In *Lewis* v. *State,* 14 *Ga. App.* 503, 504

(81 S. E. 378), the following is held: "To constitute the offense of assault with intent to murder, there must be a specific intent to kill. This intent· is not necessarily or conclusively shown by the use of a weapon likely to produce death. The jury should have been given the discretion, under proper instruction from the court, to convict of a lesser offense included in the higher felony charged, if they believed that the evidence failed to show a specific intent to kill. The failure so to instruct the jury was error. See *Powell* v. *State*, 7 *Ga. App.* 744 (67 S. E. 1048) ; *Ripley* v. *State*, 7 *Ga. App.* 679 (67 S. E. 834) ; *Fallon* v. *State*, 5 *Ga. App.* 659 (63 S. E. 806), and cases therein cited." Therefore it necessarily follows that, where the jury is authorized to find that the stabbing is without justification and at the same time done without the specific intent to kill, or under such circumstances that had death resulted the defendant would have been guilty of manslaughter, the same constitutes the statutory offense of stabbing, and it is error for the trial court to fail to submit to the jury this lesser offense. In the instant case, the jury was authorized to find the stabbing to have been without justification. It was also authorized to find that the same was done without the specific intent to kill, or that had death resulted the defendant would have been guilty of manslaughter. The trial court, therefore, properly submitted to the jury the lesser offense of stabbing, and the verdict of the jury finding the defendant guilty of this offense is amply supported by the evidence.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*