## 33499.   Colbert *v.* The State.

MacIntyre, P. J.   1.   (*a*).   "From the use of a deadly weapon in a man-
ner calculated to injure, the law will presume an intention to injure; or
from the use of it with an intention to kill, in a manner calculated to

accomplish the intention, the law will presume that, had the killing taken place, the homicide would have been murder. But this is as far as the mere legal presumption as to malice or intent will go, on trials for assault with intent to murder. That an effect not produced, and which if produced would have constituted a different offense from that actually committed, was intended, is surely for determination by the jury as a matter of fact. The law, without the aid of the jury, can presume the malicious motive, or the intention so far as realized in the act, but not an intention beyond what was so realized." *Patterson* v. *State,* 85 *Ga.* 131, 133 (11 S. E. 620).

(*b*) "Upon a prosecution for assault with intent to murder, proof that the acccuseḍ shot at and wounded another without legal excuse will raise a presumption of law that the shooting was maliciously done; but a specific intent to kill is never to be presumed where death does not ensue, and must be shown by circumstances authorizing the jury to infer, as matter of fact, that the accused had that intent." *Adams* v. *State,* 125 *Ga.* 11 (53 S. E. 804).

(*c*) "But where death does not result from the use of a deadly weapon, there may be malice in giving the wound, but utter absence of an intention to kill. . . While, therefore, a presumption of malice will arise from the use of a deadly weapon, a specific intent to kill will not be presumed where death does not ensue, and the existence of such intent is a question of fact to be passed on by the jury." *Adams* v. *State,* supra.

2. To constitute the offense of assault with intent to murder, there must be a specific intent to kill. This intent is not necessarily or conclusively shown by the use of a weapon likely to produce death, in a manner likely to produce death. Under the proof in this case, the jury should have been given the discretion to convict of a lower offense included in the higher felony charged, if they believed the evidence did not show a specific intent to kill. The failure of the court to charge as to the statutory offense of shooting at another was error. *Fallon* v. *State,* 5 *Ga. App.* 661 (63 S. E. 806), and cases cited; *Ripley* v. *State,* 7 *Ga. App.* 679 (67 S. E. 834); *Smith* v. *State,* 48 *Ga. App.* 89, 90 (171 S. E. 856); *Woody* v. *State,* 37 *Ga. App.* 338 (140 S. E. 396); *Powell* v. *State,* 7 *Ga. App.* 744 (67 S. E. 1048); *Lewis* v. *State,* 14 *Ga. App.* 503, 504 (81 S. E. 378); *Posey* v. *State,* 22 *Ga. App.* 97, 104 (95 S. E. 325); *Autrey* v. *State,* 24 *Ga. App.* 414, 415 (100 S. E. 782); *Gaskin* v. *State,* 11 *Ga. App.* 11 (74 S. E. 554); *Davis* v. *State,* 76 *Ga.* App. 860 (47 S. E. 2d, 670); but see *Coney* v. *State,* 101 *Ga.* App. 582 (28 S. E. 918), and *Meriwether* v. *State,* 104 *Ga.* 500, 501 (30 S. E. 806).

It follows from the foregoing rules of law that the trial court erred in overruling the motion for a new trial which contained a special ground assigning error upon the court's failure to charge the law relative to shooting at another.

*Judgment reversed. Gardner and Townsend, JJ., concur.*

DECIDED SEPTEMBER 17, 1951.

*Stevens & Stevens,* for plaintiff in error.

*J. Cecil Davis, Solicitor-General,* contra.