37704. JACKSON *v.* THE STATE.

DECIDED JUNE 25, 1959.

*R. L. Addleton*, for plaintiff in error.

*Hugh Sosebee, Solicitor-General,* contra.

TOWNSEND, Judge. ■ While the evidence authorized, it did not demand, the conclusion that the defendant had a specific intent to murder so as to make him guilty of the offense of assault with intent to murder rather than the lesser offense of assault and battery as a matter of law. The indictment specifically charged a beating by charging that the defendant did "hit and beat" the prosecutrix with a car jack, and the evidence also showed a beating. Under these circumstances, whether there was an intent to kill is for the jury. As stated in *Patterson* v. *State,* 85 *Ga.* 131, 133 (11 S. E. 620, 21 Am. St. Rep. 152): "That an effect not produced, and which if produced would have constituted a different offense from that actually committed, was intended, is surely for determination by the jury as a matter of fact." In *Colbert* v. *State,* 84 *Ga. App.* 632 (2) (66 S. E. 2d 836) the following was held: "To constitute the offense of assault with intent to murder, there must be a specific intent to kill. This intent is not necessarily or conclusively shown by the use of a weapon likely to produce death, in a manner likely to produce death. Under the proof in this case, the jury should have been given the discretion to convict of a lower offense included in the higher felony charged, if they believed the evidence did not show a specific intent to kill. The failure of the court to charge as to the statutory offense of shooting at another was error. *Fallon* v. *State,* 5 *Ga. App.* 661 (63 S. E. 806) and cases

cited; *Ripley* v. *State,* 7 *Ga. App.* 679 (67 S. E. 834); *Smith* v. *State,* 48 *Ga. App.* 89, 90 (171 S. E. 856); *Woody* v. *State,* 37 *Ga. App.* 338 (140 S. E. 396); *Powell* v. *State,* 7 *Ga. App.* 744 (67 S. E. 1048); *Lewis* v. *State,* 14 *Ga. App.* 503, 504 (81 S. E. 378); *Posey* v. *State,* 22 *Ga. App.* 97, 104 (95 S. E. 325); *Autrey* v. *State,* 24 *Ga. App.* 414, 415 (100 S. E. 782); *Gaskin* v. *State,* 11 *Ga. App.* 11 (74 S. E. 554); *Davis* v. *State,* 76 *Ga. App.* 860 (47 S. E. 2d 670); but see *Coney* v. *State,* 101 *Ga.* 582 (28 S. E. 918), and *Meriwether* v. *State,* 104 *Ga.* 500, 501 (30 S. E. 806). It follows from the foregoing rules of law that the trial court erred in overruling the motion for a new trial which contained a special ground assigning error upon the court's failure to charge the law relative to shooting at another." While most of the above cited cases involve the lesser offenses of stabbing or shooting at another the principle of law is the same; that is, that where the indictment and the evidence are both sufficient to cover the lesser offense, it should be given in charge to the jury. And see *Posey* v. *State,* 22 *Ga. App.* 97 (95 S. E. 325) and *Tiller* v. *State,* 101 *Ga.* 782 (2) (29 S. E. 424) in both of which it was held reversible error to fail to charge the lesser offense of assault and battery.

Here, the beating, although with a deadly weapon, was not about the head of the victim, but was on parts of the body such as the limbs and back, places less likely to produce death. There were inferable from the evidence facts sustaining a conclusion that the defendant had no intent to kill, and, as was stated above, the indictment did allege a beating. It follows that the special ground of the motion for new trial complaining of the failure to charge the lesser offense of assault and battery was meritorious, and a new trial should have been granted on this ground.

■ Since the issue of mutual combat was raised only by the defendant's statement there was no error in the absence of request to fail to give this principle of law in charge.

The trial court erred in denying the motion for new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*