## 12749.  PHILLIPS *v.* THE STATE.

Even if erroneous, the charge of the court on malice, given when instructing the jury on the offense of assault with intent to murder, for which the accused was indicted, was not cause for a new trial, the offense of which he was convicted being that of shooting at another, to which that part of the charge was not applicable.

No opinion as to what had been proved or as to the guilt of the accused was expressed or intimated by the court in instructing the jury to " see what weapon was used, the nature of the wound inflicted, the manner of its use, and all the circumstances of the case, in determining the question of whether or not it was intended maliciously to kill and murder the party assaulted."

The charge on conspiracy was authorized by the evidence and was not subject to exception for any reason assigned.

The charge on unreasonable search and seizure was not subject to the exceptions taken.

The verdict being supported by some evidence and approved by the trial judge, this court is without authority to interfere with it.

DECIDED JANUARY 18, 1922.

Indictment for assault with intent to murder; from Haralson superior court — Judge Irwin. June 8, 1921.

The instructions submitting to the jury the question whether there was an unreasonable search and seizure were complained of on the ground that under the evidence there was no such issue; that the undisputed evidence showed that there was an illegal and unreasonable search and seizure.

*Griffith & Matthews,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general,* contra.

BLOODWORTH, J. 1. Granting (but not conceding) that the court erred in giving to the jury the instructions complained of in grounds 1, 2, and 3 of the amendment to the motion for a new trial, the error was harmless, as these instructions related to a charge of assault with intent to murder, and the defendant was convicted not of this offense, but merely of the offense of shooting at another. This principle was specifically announced in the case of *James* v. *State,* 25 *Ga. App.* 749 (105 S. E. 56). A charge on malice, being applicable to the offense of assault with intent to

murder and not applicable to the offense of shooting at another, would not afford cause for a new trial, even if erroneous, where the conviction was for the latter offense. *Ingram* v. *State,* 26 *Ga. App.* 233 (2) (105 S. E. 727); *Thompson* v. *State,* 24 *Ga. App.* 144 (2) (99 S. E. 891).

(*a*) In the excerpt from the charge complained of in ground 3 of the amendment to the motion for a new trial the judge does not "express or intimate his opinion as to what has or has not been proved, or as to the guilt of the accused."

2. There is sufficient evidence to authorize the charge of the court on conspiracy, and the excerpts from the charge in reference thereto which are quoted in grounds 4, 5, 6 and 9 of the special grounds of the motion for a new trial are not erroneous for any reason assigned.

3. The charge of the court in reference to "unreasonable searches and seizures," of which complaint is made in grounds 7 and 8 of the amendment to the motion for a new trial, and the excerpts from the charge in reference to the duty of the officers who made the arrest to secure a warrant, and of which complaint is made in the 10th and 11th special grounds of the motion for a new trial, are not erroneous.

4. The jury having passed upon the facts and returned a verdict of guilty, which is supported by some evidence and approved by the trial judge, this court is without authority to interfere.

*Judgment affirmed.* *Broyles, C. J., and Luke, J., concur.*