## 22084.   POWERS *v*. THE STATE.

DECIDED FEBRUARY 17, 1932.

*Strickland & Gillen, Jake B. Joel,* for plaintiff in error.

*Henry H. West, solicitor-general,* contra.

LUKE, J.   K. C. Powers was charged with assault with intent to murder and convicted of shooting at another.   His exception here is to the overruling of his motion for a new trial.

■   The following is a summary of the State's case:   The defendant was living apart from his wife, Essie, who was residing with her mother, Katie Lumpkin, in Clarke county.   Katie was living on Mr. Harold Hulme's place, and Warren Glenn was boarding with Katie and working for Mr. Hulme.   The persons mentioned were all negroes.   At about nine o'clock on the night of August 1, 1931, Warren Glenn was lying across his bed asleep, when the defendant broke through a window and entered Glenn's bedroom and seized Glenn's single-barrel shotgun.   Defendant "went around the house and came back."   Glenn asked the defendant to give him his gun, and the defendant cursed Glenn vilely and threatened to shoot him.   The defendant then "backed back." Glenn made no threat, had no weapon of any kind, and did not follow the defendant.   When the defendant reached the bottom step, and was about fifteen feet from Glenn, he fired the gun directly at Glenn.   Glenn turned his head and was horribly wounded in the back of his head by the shot from the gun.   Defendant's wife was not in Glenn's room, and Glenn was not intimate with her in any way.

The substance of the defendant's statement to the jury is as follows:   Work was scarce, and the defendant moved "to town to get a job."   He procured work and told his wife that he was coming for her, but did not tell her just when he was coming.   When he came to his mother-in-law's house on the night of the shooting, he heard a man and a woman talking, and "eased down and peeped through the crack," and saw his wife and Glenn in the latter's bed in the act of sexual intercourse.   We now quote from the defendant's statement:   "I says, 'Hell, I am going in there,' and I knocked the window open, and went in the window and reached up and grabbed his gun  .  .  and backed off, and he grabbed the razor, and  .  .  Katie come in and wanted to know what was the matter, and I says, 'You know all about it,  .  .  don't say anything to me at all.'  .  .  I says, 'Warren, don't come on me with that razor, I don't want to hurt you.  .  .  I ain't going to kill

you.' I says, 'If I had had a pistol before I come into the room, I would have killed you both.' After I got in the room and got the shotgun I tried to bluff him off by cocking the gun back. . . When I stepped out in the yard . . Warren stepped back to the stove and brought something like a smoothing-iron, and Katie stepped out in the yard, and he blew the lamp out and . . struck me and knocked me unconscious; and he says, 'You son of a bitch, ain't you going to give me my gun?' And I says, 'Yes, but I am going to take the shells out.' I had it cocked all the time, trying to bluff him off, and just as I went to pull the trigger down he struck me with the smoothing-iron and knocked me unconscious. I don't know how long I stayed that way, but not long." The defendant adduced evidence to the effect that his statement that he caught his wife and Warren Glenn in the act of sexual intercourse was true, and that Katie Lumpkin struck the defendant with something just before the shooting.

The contention of the plaintiff in error, under both the general grounds and the elaboration thereof in ground 4 of the motion for a new trial, is that, under the evidence and his statement at the trial, there could have been only one of two verdicts—guilty of assault with intent to murder, or not guilty, and that there was no middle ground. More specifically, the contention is that the defendant was either guilty of assault with intent to murder, or innocent upon the theory that the shooting was accidental and entirely unintentional. The leading case of *Kendrick* v. *State,* 113 *Ga.* 759 (39 S. E. 286), is invoked by the plaintiff in error. Under the evidence in that case, the defendant was guilty of assault with intent to murder, or else the defense of alibi was made out and he was not guilty at all. The court held that there was no middle ground, and that the verdict of shooting at another could not stand. The facts of the case at bar differentiate it from the *Kendrick* case and from the other cases cited by the plaintiff in error. If the defendant's statement is true, he had ample ground for being extremely angry with Warren Glenn a few moments before the shooting occurred, and it would tax human credulity to believe that his anger had greatly subsided when the gun was fired. Furthermore, the defendant had a loaded gun cocked and directly pointed at Glenn. It also appears from the defendant's statement that Glenn was armed all the while with a razor, and that just before the shooting

he further armed himself with a smoothing-iron and struck the defendant with it.

We are satisfied that if the defendant had killed Glenn, the evidence would have supported a verdict of manslaughter. If this is true, the verdict finding the defendant guilty of shooting at another is supported by evidence, and is a proper one. See *Fallon* v. *State,* 5 *Ga. App.* 659, 661 (63 S. E. 806) ; *Carroll* v. *State,* 39 *Ga. App.* 135 (146 S. E. 336). Certainly, under the record in this case, the jury were not bound to conclude that the shooting was a pure accident. We hold that there is no merit in the general grounds of the motion for a new trial or in the amplification thereof in ground 4.

■ It appears from ground 5 that the court charged the jury as follows: "If you believe it was an accident, you should acquit him." It is averred that this charge "did not fully and fairly present the defendant's defense of accident and the law appertaining thereto," and that the court should have charged the law as laid down in section 40 of the Penal Code (1910). That section reads: "A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears there was no evil design, or intention, or culpable neglect." The court's charge was more favorable to the defendant than it would have been had that code section been read to the jury. Besides, there was no request for any other or further charge. There is no merit in the ground.

■ Ground 6 complains of this charge: "If you are satisfied in your minds beyond a reasonable doubt that he is guilty of assault with intent to murder, find him guilty, and then it becomes your duty to affix his punishment." The insistence is that the word "find" carried with it "a force and emphasis that amounted to a command and an expression of an opinion." The contention is not sound, and the ground is not meritorious.

■ In ground 7 this sentence from the charge of the court appears: "Before you can convict the defendant in this case you must be satisfied of his guilt beyond a reasonable doubt." It is urged that the court erred in failing to instruct the jury that they must be satisfied of the defendant's guilt beyond a reasonable doubt "from the evidence and the defendant's statement." The court charged the law pertaining to the defendant's statement, and also

instructed the jury in this language: "So, gentlemen, take the case and apply the rules which I have stated to the evidence in the case, giving due consideration at all times to the defendant's statement." This ground is without merit.

■ In ground 8 error is alleged because, in charging upon the defendant's statement, the court said: "He can not be cross-examined unless he consents to be." In a very similar charge in the case of *Reed* v. *State,* 168 *Ga.* 731 (9) (149 S. E. 23), the trial judge used precisely the language last quoted, and the charge was held not to be error. We hold that this ground is not good.

■ In ground 9 complaint is made of a charge which announces a correct principle of law, and there was no request that any other or further charge be given. The ground discloses no error.

■ Ground 10, complaining of a charge of the court wherein justifiable homicide was defined in the language of the Penal Code (1910), § 70, avers error because the case was either "assault with intent to murder or accident." This phase of the case has been covered sufficiently in our discussion of the general grounds. There is no merit in the ground.

■ Ground 11 complains that a stated charge was error "because the court failed to inform the jury that, in order to warrant a conviction of the offense of assault with intent to murder, it must appear that the assault was made with a deadly weapon," and that the weapon employed must have been one likely to produce death." The defendant having been charged with intent to murder and convicted of shooting at another, it is evident that there is no merit in the ground. *Phillips* v. *State,* 28 *Ga. App.* 100 (110 S. E. 639).

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*