18676.   GARLAND v. THE STATE.

Argued September 13, 1954—Decided October 11, 1954.

*Wesley R. Asinof, W. E. Watkins, M. T. Hartman, Alfred D. Fears, S. B. Wallace,* for plaintiff in error.

*Hugh Sosebee, Solicitor-General, Harvey J. Kennedy, Solicitor Pro Tem.,* contra.

ALMAND, Justice. Benjamin B. Garland was indicted on two counts in Monroe Superior Court for the offense of criminal libel. The general and special demurrers of the defendant were sustained as to count 1 and overruled as to count 2. The defendant by writ of error appealed the ruling to the Court of Appeals as to the overruling of his demurrers to the second count. That court has transmitted the bill of exceptions and record to this court, because the constitutionality of a statute is brought in question by the demurrers.

The second count of the indictment charges that the defendant did cause to be printed in The Monroe Advertiser, a newspaper printed and circulated in Monroe County, a false, scandalous, malicious, and defamatory libel, tending to blacken the character, honesty, virtue, integrity, and reputation of twelve named individuals, who constituted the trial jury that tried and convicted one William Ogletree in Monroe Superior Court of the offense of murder. The indictment sets out the entire statement so published, and the only words in the printed statement that have any reference to the trial jury are the following: "I know the jury, composed of fine men, did not even deliberate on the case—the verdict was already made. At least I have the word of one of the jurors to that effect. I do not wish to call his name, but he is my personal friend and I believe if called upon he will tell the full facts. He is a splendid, honest man."

We will not repeat the rules of law that control us in the determination of the question of whether the words used by the defendant in regard to the named jurors are defamatory or not defamatory, as we have set them out in *Garland* v. *State,* ante. The controlling and decisive question is whether the published words in the article, "I know the jury, composed of fine men, did not even deliberate on the case—the verdict was already made," are words of defamation as applied to the members of the jury in the Ogletree murder trial. The words do not charge that the jurors had prejudged the case before they were sworn as jurors in the case. They do not charge that the jurors violated their oath, which required them to reach a verdict upon the evidence and the law as given by the court. They

do not charge that the jury wantonly or wilfully made a verdict unsupported either by the evidence or the law. These words do not charge that the jurors gave false answers on the voir dire questions. Taking the words as they would be ordinarily understood, they meant that the jury, after retiring, did not deliberate, that is, ponder, discuss, examine, or consult with one another to form an opinion as to the guilt or innocence of the prisoner, but that their individual and collective minds had arrived at a verdict of guilty when they reached the jury room. It is not a ground for granting a new trial that the jury in a capital-felony conviction case returned a verdict of guilty without a recommendation to mercy within fifteen minutes after receiving the case for consideration. *Reed* v. *State*, 168 *Ga.* 731 (4) (149 S. E. 23). Though a juror should not make up his mind as to the guilt or innocence of the prisoner until all the evidence has been submitted and the court has instructed the jury as to the law, we know of no rule or law or code of juror's ethics that prevents a juror from rendering his conscientious judgment on the first ballot in the jury room. The words in the article as applied to the jurors in the trial of the Ogletree case simply meant that the defendant had charged the jury with arriving at a verdict by each member voting for conviction without discussing the evidence or deliberating before casting their votes for conviction. They do not charge either illegal or immoral conduct on the part of the jurors, and in no wise defame them, collectively or individually.

In view of the foregoing rulings, it becomes unnecessary to pass upon special grounds 12 and 13 of the demurrer, which attacked the indictment and Code § 26-2101, which defines libel, on the ground that they violate the defendant's right to freedom of speech as guaranteed by the State and Federal Constitutions.

*Judgment reversed. All the Justices concur.*